**UNITED STATES, Appellee,**

v.

**Specialist Four Park H. QUAN SSN 536–58–2083, United States Army, Appellant.**

**CM 434250.**

U. S. Army Court of Military Review.

5 March 1979.

---

7. *Id.*

Captain Maurice D. Healy, JAGC, argued the cause for appellant. With him on the pleadings were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Michael B. Dinning, JAGC.

Captain Douglas P. Franklin, JAGC, argued the cause for appellee. With him on the pleadings were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

This case is before us for the second time, a new review and action having been ordered by the United States Court of Military Appeals.[1] Initially this Court affirmed appellant's conviction of soliciting the theft of military weapons (four specifications) and attempting to steal military weapons.[2]

We are confronted at the outset with a question of the scope of review. The issue is whether we should now review errors currently assigned which were raised before the United States Court of Military Appeals previously in a petition for review and which were not the basis for a grant of review.[3] We hold that such errors which

---

1. *United States v. Quan,* 4 M.J. 244 (C.M.A. 1978).

2. Violations of Articles 134 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 880. Appellant's sentence provides for a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E–1, and confinement at hard labor for five years. The convening authority suspended a portion of the forfeitures.

3. Appellant raised three errors before this Court initially: interrogation by the CID in the absence of his counsel, failure of the Govern-

ment to produce a witness, and bias of the investigating officer. This Court considered each and found them nonmeritorious.

Upon petition to the United States Court of Military Appeals for a grant of review, the appellant raised the same three errors plus three additional errors: improper multiplication of charges, failure to prove value of the weapons, and disqualification of the staff judge advocate from preparing the post-trial review.

The United States Court of Military Appeals granted appellant's petition on the witness issue and the staff judge advocate disqualifica-

were previously considered and denied as a basis for review are no longer viable as issues upon further review. *United States v. Renfroe,* 3 M.J. 790 (A.C.M.R.1977), *pet. den.* 4 M.J. 12 (C.M.A.1977); *United States v. Valenzuela,* 22 C.M.R. 454 (A.B.R.1956).

█ We are aware of the holdings that a petition denied has no precedential value. *United States v. Mahan,* 1 M.J. 303 n. 9 (C.M.A.1976). However, where an issue has been raised before this Court or is inherently decided by the decision of this Court and where the same issue is raised before the United States Court of Military Appeals by a petition but is rejected as a basis for review, then insofar as *that* issue is concerned in *that* case, the denial of the petition concludes the matter.[4] Accordingly, we will not again review the two issues (out of the four currently raised) which were decided by us in our prior review, and upon which petition for review was not granted.

█ This leaves us with two assignments of error for review. The first, considered by us in our earlier review of the case, was one of the two bases for the grant of the petition for review. It concerns the failure of the Government to produce a witness requested by the defense at the Article 32, 10 U.S.C. § 832, investigation. We believe our initial resolution of that issue was correct, and we adhere to the conclusion that there was no error, but we will expand on our reasoning here.

The appellant alleges that he was prejudiced because a witness was not called to testify at the Article 32 hearing. The witness was a former soldier who was discharged from the Army because he failed the drug rehabilitation program. His discharge was prior to the appellant's apprehension and the preferral of charges. The appellant alleges that the Army knew the witness would be necessary and should have retained him on active duty. Failing retention, the appellant alleges that his release from active duty placed a special burden on the investigating officer to obtain the presence of the witness at the 32 hearing.

The Army had no duty to retain the witness on active duty to participate in a possible investigation of charges when the appellant had not been charged with or even apprehended for the charges to be investigated. The fact that the witness was discharged from active duty did not create a special obligation on the Army to produce him for an investigative hearing that he was unwilling to attend.

The investigating officer was asked by the defense counsel to have the witness present at the hearing. After failing to locate the witness, the investigating officer asked the trial counsel to secure his presence. The trial counsel contacted the witness who said he did not wish to attend. Since the investigating officer knew that he did not have the power to subpoena a civilian witness, he let the matter rest and used a written statement made by the witness. Although the investigating officer might have contacted the witness personally, it was not error for him to rely on the trial counsel's efforts. In passing, we note that the defense counsel made no move to depose the witness prior to trial. The witness was available for trial.

█ The other error alleged is that the new post trial review is inadequate. The appellant asserts that the staff judge advocate did not discuss the evidence concerning the investigating officer's "bias", the advice he received from the trial counsel, and the failure of the Government to prove the value of the weapons involved in the charges. We have found no error in the trial in those areas, and we see no need for there to have been a discussion of them.

tion issue. *United States v. Quan,* 2 M.J. 208 (C.M.A.1977).

4. This Court in its earlier memorandum opinion of 6 October 1976, considered and found nonmeritorious three errors as set forth in footnote 3, *supra.* Implicit in our affirmance of the conviction was also a finding that the value of the weapons involved was proved by the testimony of the company commander, a person who through his duties and responsibilities is thoroughly familiar with such value.

The findings and the sentence are affirmed.[5]

Judge DeFORD and Judge LEWIS concur.

**UNITED STATES, Appellee,**

---

5. One other aspect of this case warrants comment. In its initial Summary Disposition ordering a new review and action, 4 M.J. 244 (C.M. A.1978), the Court of Military Appeals declined to review the witness error which was the other basis for the grant of review. The majority's reasoning was that because the staff judge advocate was disqualified, the review and action were a nullity and the case was improperly before them.

We think this is an unwarranted extension of *United States v. Credit,* 4 M.J. 118 (C.M.A. 1977). As Judge Cook points out in his dissent on this point, there is a significant difference in reviewing an unauthenticated record, as in *Credit,* and reviewing an authenticated record where the staff judge advocate is disqualified in the particular case. If for no other reason, judicial economy dictates that the witness error should have been reviewed. Now, if that Court determines the witness error meritorious and a new Article 32 investigation necessary, immense amounts of time and effort will have been wasted by the piecemeal approach.