**UNITED STATES, Appellee,**

v.

**Private (E–1) Bernard J. WALLACE, SSN 235–82–0299, United States Army, Appellant.**

**SPCM 10381.**

U. S. Army Court of Military Review.

22 June 1979.

J. Frank Pohlhaus, Esquire, Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Grifton E. Carden, JAGC, and Captain Peter A. Nolan, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before JONES, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

This case is before this Court for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, for the third time. On the first review the Court directed a new review and action by a different staff judge advocate and convening authority because the original authorities were disqualified from acting.[1]

When this case came before this Court for the second time, the Court affirmed the findings and sentence.[2] Subsequently, the United States Court of Military Appeals reversed because service of the new review and action upon substitute defense counsel "effectively interfered with the established attorney-client relationship between the appellant and his trial defense counsel without 'good cause', *United States v. Iverson,* 5 M.J. 440 (C.M.A.1978)."[3]

On this third appeal of his conviction for conspiracy to steal $4,200.00 from the United States Government through a fraudulent scheme of advance payments and for larceny (two specifications),[4] the appellant raises three errors. Two of the errors were raised in the initial appeal before this Court in 1975. We determined they were without merit at that time and they are equally as groundless today. Further, the same errors were assigned as bases for a grant of review to the Court of Military Appeals and were rejected by that Court in the Order Granting Petition for Review.[5] Therefore, as we indicated in *United States v. Quan,* 6 M.J. 978 (A.C.M.R.1979), those errors are no longer viable issues before us for review.

The third assigned error is directed toward the sufficiency of the new review. The appellant alleges it is incomplete because the evidence relating to extenuation and mitigation is almost five years old. It

---

1. *United States v. Wallace,* No. 10381 (A.C. M.R. 10 Nov. 1975).

2. *United States v. Wallace,* 2 M.J. 1087 (A.C.M. R.1976).

3. *United States v. Wallace,* 6 M.J. 58 (C.M.A. 1978), Summary Disposition.

4. Violations of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921.

5. *United States v. Wallace,* 4 M.J. 15 (C.M.A. 1977).

is not clear just what sort of updated review appellant expects but we believe if he desires more detailed information as to his activities and problems while on excess leave brought to the attention of the convening authority, he must present it. The sketchy information contained in the trial defense counsel's response to the review was before the convening authority. The staff judge advocate did not abuse his discretion in not seeking more. The reduced sentence approved by the convening authorities in the three actions taken in this case demonstrates ample clemency consideration for appellant's breach of trust by participating in the larceny scheme.[6]

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LEWIS concur.

UNITED STATES, Appellee,

**6.** Sentence adjudged: Bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $175.00 pay per month for 5 months. Sentence approved each time: Bad-conduct discharge, confinement at hard labor for 2 months, forfeiture of $175.00 pay per month for 2 months.