SARAH B. FORD *vs.* SAMUEL D. ERSKINE et als.

Lincoln.  Opinion June 4, 1912.

*Ways.  Alteration.  "Location."  Construction of Ways.  Liability of Officers.*
*Individual Liability.  Certiorari.  Record.  Collateral Attacks.*
*Master and Servant.  Trespass.  Liability.  Revised*
*Statutes, Chapter 104, sections 14, 15.*

Where upon petition to the county commissioners for alteration of an alleged existing highway, the return of the commissioners contains no express adjudication that the alleged highway is a highway, and shows the alteration by them of a town road, their record will be held void for want of jurisdiction.

"Location" of a highway and "alteration" of a highway do not amount to the same thing.

A county commissioner is not liable individually for trespass committed in the construction of a road across private lands under void proceedings, so far as he acted in an official capacity.

The selectmen of a town and a contractor employed by them in constructing a road, who made it as an alteration of an existing highway by county commissioners, who were without jurisdiction, are liable in trespass.

Under Revised Statutes, chapter 104, sections 14, 15, on denial of a petition for certiorari, it is improper to affirm the record sought to be quashed; issuance of a writ being essential to any judgment affirming, modifying, or quashing the record.

Where the record of certiorari proceedings fails wholly to show the grounds alleged therein for attack upon the record sought to be affected and the grounds for the denial of the writ, the petitioner is not estopped from collaterally attacking the record for want of jurisdiction.

While it may be that one who, having mere knowledge of a contemplated trespass, allows the use of his personal property in effecting the same may be not liable for the trespass, one who directs his employe to aid in the doing of a specific act which proves to be a trespass is liable.

On report.  Judgment for plaintiff.

Trespass quare clausum fregit to recover damages for the construction of a road across the plaintiff's land.  Plea, the general

issue with a brief statement alleging that any acts done by the defendants on the plaintiff's land were done in the construction of an alteration of an existing highway laid out by the county commissioners of Lincoln County. The case was first submitted to the jury on the question of damages which were assessed at $270, and then was reported to the Law Court for determination, with the following stipulations: "If the plaintiff is entitled to recover because there is no legal road at the place where the trespass is claimed to have been committed judgment is to be awarded for the plaintiff for the sum of two hundred and seventy dollars ($270.00), it being the amount fixed by the jury as damages. If the plaintiff is not entitled to recover as above, the court is to determine whether there is a trespass outside the location, and if so, assess the damages therefor. If no liability, judgment shall be for the defendants. All objections to the testimony to be passed upon by the Law Court and the case to be determined upon that which is admissible."

The case is stated in the opinion.

*Arthur S. Littlefield,* for plaintiff.

*Tupper & Perkins,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an action of trespass quare clausum whereby the plaintiff seeks the recovery of damages for the construction of a road across her land in the town of Jefferson. The defendants, pleading the general issue, by way of brief statement claim that any acts done by them upon plaintiff's land were done in the construction of an alteration of an existing highway laid out by the County Commissioners of Lincoln County.

To establish their justification, the defendants offered the record of the county commissioners, from which it appears that the selectmen of Jefferson duly petitioned the county commissioners that a change be made in the highway leading from the North Whitefield road, commencing at a defined point, "said proposed change of location to extend in a course eastwardly and re-entering the highway, as now located," at another described point and that, after notice ordered and given, hearing had and the continuances taken, as required by statute, at the September session 1909 their "pro-

ceedings were adjudged to be closed and their return ordered to be recorded." The return determines that common convenience and necessity require the alteration made as prayed for and describes the road as laid out by them as "Beginning . . . . . . . . . . . on the Easterly side of the town road . . . . . . . . . . . thence running (here follow various courses and distances) to an elm tree standing on the easterly side of the road, before mentioned."

Neither in the return or other part of the record is there an express adjudication that the road, an alteration in which is prayed for, is a highway or county road. Had the petition prayed for the location of a highway, the petition might show jurisdiction, as held in *Waldo* v. *Moore,* 33 Maine, 511, 514. And where the prayer is for alteration of a highway, the taking of jurisdiction and the subsequent alteration of the highway described by the petitioners might warrant the presumption that the commissioners found as a jurisdictional fact the existence of the highway sought to be altered. See *Plummer* v. *Waterville,* 32 Maine, 566, 568.

But in the case at bar the return of the commissioners, with no express adjudication as to the existence of the alleged highway, shows that the alteration made was that of a town road and while the word road may include county roads, town roads, turnpikes, etc., see *Windham* v. *Commrs.,* 26 Maine, 406, 408, it can hardly be contended that "town road" can be construed to comprehend county road or highway. It appears, therefore, from inspection of the record, that the road which was altered was a town road and not a county road as alleged in the petition. The location of a county road and the alteration of a county road are not one and the same thing. *Com.* v. *Cambridge,* 7 Mass., 158, 165; *Raymond* v. *Co. Commrs.,* 63 Maine, 112, 114. And it cannot be contended that the way laid out in the return is the location of a new county road especially in view of the fact that part of the old road, which it was attempted to change, is by the return of the commissioners attempted to be discontinued.

Being an inferior court their jurisdiction depended, entirely, upon the existence of a highway; the validity of their acts upon their jurisdiction; hence, if a highway, their acts were valid; if not, invalid. *South Berwick* v. *Co. Commrs.,* 98 Maine, 108, 111.

Without passing upon the admissibility of the evidence offered aliunde the record to show that the road described in the petition

was a town road and not a highway, the court feels that the conclusion above reached is in accordance with the fact.

The defendants, subject to the objection of the plaintiff, offered the following record:—

"Sarah B. Ford, of Jefferson, County of Lincoln, petitioner, certiorari vs. County Commissioners of Lincoln County, defendants.

"The petition is dated September 22, A. D. 1909, and was legally served upon said Defendants on the 24th day of September, A. D. 1909.

"This action was duly entered at the October Term, A. D. 1909.

"The same is thence continued from term to term to the present April Term, 1910, where after hearing, the writ is denied and records adjudged good."

The defendants claim that by this record the plaintiff, who was the petitioner named therein is estopped to attack the record of the county commissioners collaterally. We think the judgment of the court found in the words "records adjudged good" was not warranted. The writ of certiorari was not granted but was denied. In all the reported cases of this court arising upon certiorari none is found where the court on dismissing the petition goes further or makes any adjudication as to the records attacked in the petition. That, in order that such adjudication be made, the writ must issue and the record attacked be before the court seems a fair inference from the provisions of R. S., c. 104, §§ 14, 15, and a conclusion warranted by *State* v. *Madison,* 59 Maine, 538, 544 and *State* v. *Madison,* 63 Maine, 546, 550. And see *Morrill* v. *Buker,* 92 Maine, 389, 392.

Did the denial of the writ of certiorari work an estoppel? The record of the certiorari proceedings fails absolutely to show the ground or grounds alleged by petitioner in application for the writ or the answer of the respondents. The point in litigation is not apparent nor the reasons for the denial of the writ. Without determining what would have been the effect if the lack of jurisdiction, which we have considered, had been set up as the ground for the issue of the writ and so appeared by record, we are clearly of the opinion that the record of the proceedings upon the petition for certiorari set out above works no estoppel of the plaintiff. See

*Brown* v. *Co. Commrs.,* 12 Met., 208, 209. See also *Smith* v. *Boston,* 194 Mass., 31, 34.

As to the liability of the defendants: One was a member of the board of county commissioners laying out the way. Whatever he did in his official capacity, upon the authority of *Rush* v. *Buckley,* 100 Maine, 322, does not make him liable nor can his subsequent conversation with and letter to the selectmen be considered as an advising, instigation or direction of the trespass.

Two of the defendants are the selectmen of the town of Jefferson who contracted for and superintended the building of the road and another is the person, who under contract with the selectmen, constructed the road. As to their liability for damages, there can be no question: *Chase* v. *Cochran,* 102 Maine, 431, 437.

The remaining two defendants let their team and servant-driver to the contractor with full knowledge that they were to be employed in the construction of the road. While it may be that one who has merely knowledge of a contemplated trespass and allows the use of his personal property in effecting it may not be liable for the trespass, one who directs his servant to aid in the doing of a specific act which proves to be a trespass is liable: *State* v. *Smith,* 78 Maine, 260, 265, 267.

Judgment will be entered for $270 against all the defendants except Carney.