UNITED STATES, Appellee

v

LEONARD STEVENS, Machinist's Mate Third Class,
U. S. Navy, Appellant

10 USCMA 417, 27 CMR 491

*Commander John P. Gibbons* argued the cause for Appellant, Accused. *Lieutenant Gailen L. Keeling* argued the cause for Appellee, United States. With him on the brief was *Commander Craig McKee.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Appellant filed a petition for grant of review before this Court on June 27, 1958. Thereafter, in lieu of a reply to the petition for grant of review, appellee filed a motion to remand admitting the court-martial lacked jurisdiction because the record reflected appointment of only four of the members who sat, whereas Article 16(1), Uniform Code of Military Justice, 10 USC § 816(1), requires a minimum of five.

On August 5, 1958, this Court granted appellee's motion "to remand the above entitled case to The Judge Advocate General of the Navy for return to the convening authority for a new trial, if practicable." Acting pursuant thereto, the convening authority promulgated a supplementary court-martial order, dated August 26, 1958, declaring the findings and sentence invalid and stating, "Another trial is ordered before another court-martial to be hereafter designated." This Court, on October 23, 1958, denied appellee's petition for reconsideration of its Order of August 5, 1958. This petition had been filed upon discovery of an order appointing the fifth member of the court. Subsequent purported actions of the convening authority in the case were contrary to the Order of this court and void and of no effect.[1]

Inasmuch as this Court has heretofore issued an Order which must be complied with, the present motion of appellant-accused to remand is dismissed.

QUINN, Chief Judge (concurring in the result):

When the case was before this Court on the accused's petition for grant of review, the Government conceded there was no jurisdiction and asked that the record of trial be returned for further proceedings by competent authority. After remand, the Government directed a new trial. Later, it attempted to repudiate its action and reinstate the findings of guilty and the sentence. Under the circumstances, the repudiation comes too late. See United States v Garcia, 5 USCMA 88, 17 CMR 88.

Accordingly, I concur in the result reached in the principal opinion.

LATIMER, Judge (concurring in the result):

I concur in the result.

A bit of carelessness on the part of some Naval headquarters has caused a simple case procedurally to become one of great complexity. Bad as it may appear on the surface, the application of a few well-known principles of appellate procedure ought to clear up the confusion and permit the judicial processes to continue.

Chronologically, the events which are of importance to a proper determina-

---

[1] After remand of a case, a lower court, or in the military any lower echelon, is without power to modify, amend, alter, set aside, or in any manner disturb or depart from the judgment of the reviewing court. Cf. 3 Am Jur, Appeal and Error, § 1237; United States v Howe, 280 Fed 815 (CA2d Cir) (1922), cert den 259 US 587, 42 S Ct 590, 66 L ed 1077; Chaires v United States, 3 How 611 (US 1845).

tion of the question presented are these: On September 12, 1957, the accused was found guilty, and his sentence included three years' confinement and a dishonorable discharge. In due course of time, the convening authority approved, and some ninety days thereafter a board of review affirmed the findings and sentence. The accused petitioned this Court for a grant of review, alleging a number of errors, including one which raised the question of the jurisdiction of the general court-martial to hear the case. So far as the record appeared at that time, this assignment seemed to have merit for, on the face of the record, the court was not legally organized. Missing from the file was an order appointing the fifth member of the court. When the Government was apprised of the possibility that the court was not properly constituted, The Judge Advocate General of the Navy communicated with the convening authority with a view toward determining the true situation. The convening authority was unable to locate any order, written or verbal, showing the appointment of the questioned member and so notified The Judge Advocate General. Pursuant to this information, the Government filed a petition with this Court, requesting that we remand the case to the convening authority for the purpose of directing a new trial if considered practicable by him. The accused interposed no objection to the request, and on August 5, 1958, an order granting the relief prayed for was entered. Thereafter, the record was returned by The Judge Advocate General to the convening authority with instructions that a supplementary court-martial order be promulgated and another trial be held, if practicable. On August 26, 1958, the convening authority followed the instructions, setting aside the findings and sentence, and directing another hearing. Subsequent to the date of this revoking order and on September 24, 1958, the convening authority notified The Judge Advocate General that the long looked for order appointing the fifth member of the court had been located and it was forwarded for appropriate action. On October 8, 1958,

Government counsel petitioned this Court for a reconsideration of our order of August 5, 1958, remanding the case. Within the course of a few days, this petition was denied. Approximately two weeks thereafter, The Judge Advocate General of the Navy again corresponded with the convening authority and advised him to issue second supplementary orders setting aside his first supplementary action and reinstating his orders on the original findings and sentence. This action was completed by the convening authority on November 13, 1958, and the records of proceedings were returned to The Judge Advocate General. On December 18, 1958, the Government, by a letter of transmittal, sought to invoke the jurisdiction of this Court and have us rule on the other assignments of error asserted by the accused. Thereupon the accused filed a motion requesting that the record be remanded to The Judge Advocate General of the Navy for return to the convening authority to grant a rehearing or to dismiss the charges.

As my starting point, I shall consider the initial proceedings before this Court. Lack of jurisdiction may be raised at any time, and that issue was raised for the first time when the accused assigned errors in this Court. That presented the question to us as an original matter. We did not hear evidence thereon for the obvious reason that the record supported accused's contention, and the Government conceded it could not establish the necessary jurisdictional facts. Our action remanding the case was taken on August 5, 1958, and it was supported by the evidence found in the record which established lack of jurisdiction. Rule 46 (*a*) of the Rules of Practice and Procedure of this Court (now Rule 49 (*a*)) requires that a petition for reconsideration be filed within five days after receipt of the notice of entry of an order, decision, or opinion. To escape the effect of that rule, the Government, in its petition for reconsideration, sought to invoke the provisions of Rule 30 (now Rule 32), which in substance permits us to take such further

**419**

action in the matter as we deem necessary for a full, fair, and expeditious disposition of the case. This latter rule is one which permits the Court to exercise its discretion in granting or denying the relief prayed for. It is not considered favorably unless the moving party shows good cause for us to exercise our discretion in his favor. For many reasons, the petition for reconsideration by the Government did not set forth facts which were sufficient to justify the use of this rule. The petition was submitted some fifty-nine days after the expiration of time, and the delay was occasioned solely by the failure of the prosecution to obtain evidence to support jurisdiction. During the interim, in accordance with our directive, certain supplemental orders were issued by the convening authority, and at the time of the submission of the petition they were still in force and effect. Generally stated, the Government was proceeding on a theory of obtaining a reconsideration of our order on the basis of newly-discovered evidence. But not only did it fail to show diligence or good cause for its failure to comply with the five-day rule, it placed this Court in the position of reversing its previous order when the findings of guilt and sentence had been set aside. At that time, intervening rights had been created and were outstanding. After the expiration of the period for reconsideration, the original remand order had become final and it should have been considered as fixing the rights of the parties. From the foregoing, it should be obvious that to grant the relief at that late date was inappropriate.

Having failed to get a favorable ruling on the belated petition for reconsideration, certain amending orders were issued by the convening authority to set the record straight. From here on the procedure followed is indeed unique. Certainly I have not yet been able to determine how the jurisdiction of this Court was invoked by the Government. So far as I have been able to ascertain, we were just invited to proceed by a letter of transmittal. The letter shows the enclosure of the second supplemental order which was re-

**420**

ceived by The Judge Advocate General of the Navy. From the order the writer assumed the record was corrected and he therefore requested that we decide the other assignments of error set forth by the accused in his original petition. Overlooked entirely was the fact that proceedings were not pending before us. It appears to me this sort of procedure is most informal and does not comply with the statutory or any other known method by which cases reach this Court. Under the law, the ordinary channel of appellate review is from the convening authority to a board of review and then either by a petition of the accused or a certificate of The Judge Advocate General of a service to this Court. However, if, as I contend, the question of jurisdiction was an original proposition before this Court, we terminated that special proceedings either before or when we refused to reconsider the question. I, therefore, find that the Government has not reached us properly. But to end the present issue there would merely further confuse the parties and leave the accused without the benefit of the rights afforded him under our original order. Of course, he is entitled to have our orders obeyed, and some precedure should be available to him to require the Government to comply therewith. For that reason, I liken his petition to one of mandamus in which he seeks to require the Government to proceed in conformity with our direction. I believe he is entitled to that relief, and I am certain he will get it once the matter is returned to ordinary judicial channels.

To further aid in clearing up the confusion, I join with Judge Ferguson in holding the second supplemental orders void for the reason that once the petition for rehearing was denied, life could not be breathed into the former appeal and the convening authority was limited to one of two alternatives. He was compelled either to grant a rehearing or dismiss the charge. In so holding, I point out specifically that the second supplemental order was issued after our decision had become final and the convening authority could not take action contrary thereto. A case must

reach him in some legal manner, and here it did, but his action was curtailed. Under those circumstances, he must either act within the powers conferred upon him by the Code and in accordance with the order of this Court, or convince this Court to reverse its order. Certainly he cannot act in opposition thereto. Absent unusual conditions, he can correct an obvious mistake or change his action if it is predicated on a mistake of law, but that can only be done if the matter is before him for that purpose or without restrictions. He does not have the authority to change his action when he is precluded from taking that course by an order emanating from this Court.

While ordinarily I do not concern myself with problems which are not before us on appeal, there are some residual questions which will be bothersome to the parties and to avoid, insofar as possible, any further difficulties, I make the following observations. A majority of the Court has concluded that the second supplementary orders and proceedings thereon were void and that places the record in the same posture as it was before those invalid steps were taken. In that connection, I am concerned only with the rights of this petitioner. He alone, of the three persons tried together and convicted by the court-martial, raised the question of jurisdiction in this Court, and he is being benefited by failure on the part of the prosecution to meet an issue. Our order of remand involved no one but this accused. In my view, lack of jurisdiction was founded on a concession made by the Government to this accused and if it becomes necessary at some future time to make a determination of that question for other parties on different facts, an entirely different question will be presented.

As I view the situation, the convening authority should act on our original order of remand and direct a rehearing for this petitioner pursuant to Article 67 of the Uniform Code of Military Justice, 10 USC § 867, if practicable, or dimiss the charges and specifications.