UNITED STATES, Appellee,

v.

Private (E–2) Raymond SIMS, SSN 249–76–2191, United States Army, Appellant.

SPCM 10516.

U. S. Army Court of Military Review.

3 May 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Buren R. Shields, III, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Richard A. Kirby, JAGC, and Captain Richard A. Cefola, JAGC, were on the pleadings for appellee.

Before MITCHELL, COSTELLO and MOUNTS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

COSTELLO, Judge:

This case is before us on remand and for decision on appellant's Motion for Leave to File Supplemental Assignments of Error filed after the remand. The Court of Military Appeals remanded the case, in the terms set out below, after ruling that the trial court had no jurisdiction over appellant with respect to the "off-post" offenses named in Charge III:

> "That the decision of the Army Court of Military Review is reversed. The findings as to Charge III and its two specifications are set aside and that charge is dismissed. The record is returned to the Judge Advocate General for transmittal to the Army Court of Military Review *for action on the sentence consistent with this opinion.*" [Emphasis added.]

Following the remand, appellant petitioned this Court for permission to file additional assignments of error. Those assignments had been the subject of petitions for grant of review which were rejected by the Court of Military Appeals when it ordered the instant remand.

We will provide appropriate sentence relief in accordance with the mandate, but we deny appellant's motion to file. His is not, in form or content, a motion for extraordinary relief; consequently the use of such powers under these circumstances is not at issue here. We are concerned only to decide whether a mandate to review the sentence permits consideration or reconsid-

eration of other "routine" errors. We hold that it does not.

 Once a higher court has acted, lower tribunals are bound by the law thus established; they are bound to do what has been directed and may not go further. This has been the federal rule for years. *Sibbald v. United States*, 37 U.S. (12 Pet.) 340, 9 L.Ed. 1167 (1838). The military position has been no less strict. As Judge Ferguson said:

> "After remand of a case, a lower court, or in the military any lower echelon, is without power to modify, amend, alter, set aside, or in any manner disturb or depart from the judgment of the reviewing court. [citing cases.]" *United States v. Stevens*, 10 U.S.C.M.A. 417 at note 1, 27 C.M.R. 491 at note 1 (1959).

These rules are grounded in sound policies: that there should be an end to litigation; that appellate courts not be clogged with repetitive consideration of issues; and that the mandates of higher courts be scrupulously followed. Reopening the substantive aspects of this case would only recover ground once thoroughly covered and would repudiate the higher court's approval of the findings implicit in its order to hold further proceedings on the sentence only.

Accordingly, the remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court approves only so much of the sentence as provides for a bad-conduct discharge.

Judge MITCHELL and Judge MOUNTS concur.