UNITED STATES, Appellee,

v.

Private (E–1) Ronald A. RENFROE, SSN 257–88–7456, United States Army, Appellant.

CM 433002.

U. S. Army Court of Military Review.

20 June 1977.

Captain Leslie Wm. Adams, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Ralph E. Sharpe, JAGC, and Captain Johnny D. Mixon, JAGC.

Captain Nancy Battaglia, JAGC, argued the cause for the appellee. With her on the brief were Lieutenant Colonel Donald W. Hansen, JAGC, Major Steven M. Werner, JAGC, Captain Keith H. Jung, JAGC, and Captain John F. DePue, JAGC.

Before CLAUSEN, C. J., and CLAUSE and COSTELLO, Appellate Military Judges.

COSTELLO, Judge:

Appellant was tried and convicted on 4 December 1974 on charges of possession and sale of marihuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The approved sentence included a dishonorable discharge and confinement at hard labor for two years. Issues were joined by appellate counsel on 9 December 1975, and we affirmed the findings and sentence on 20 January 1976 [unpublished opinion].

We have this case again because the Court of Military Appeals vacated our first decision and remanded the case to us, directing that we "hold further proceedings in abeyance" pending that Court's decision in two cases now appearing as *United States v. Courtney*, 1 M.J. 438 (C.M.A. 1976); and *United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977). *United States v. Renfroe*, Order in Docket No. 32,071 (C.M.A. May 17, 1976).

*Courtney* was decided on 2 July 1976, holding that the appellant therein had been denied equal protection of the law by a decision to charge his drug violations under Article 134, UCMJ, rather than under Article 92, UCMJ, 10 U.S.C. § 892. Article 92 violations are punishable by a much lower maximum punishment than the same drug charges when laid under Article 134. Paragraph 127, Manual for Courts-Martial, United States, 1969 (Revised edition). The *Courtney* court gave effect to its findings by ordering us to reassess the appellant's sentence in light of the newly-identified maximum sentence of two years. *United States v. Courtney, supra.*

On the same day that *Courtney* was decided, *Jackson* was remanded to us "for consideration in the light of . . . *Courtney.*" By that time the number of remanded cases and those with the same issues being held in abeyance pursuant to an agreement reached in judicial conference concerning the manner-of-charging issue was approaching 300, so we heard *Jackson en banc.* Our decision therein was divided, and appellate counsel averred that significant questions concerning the scope of the application of *Courtney* remained unanswered. Therefore, on 8 October 1976 appellate counsel filed a consolidated motion asking that we continue to hold what was by then much over 300 cases in abeyance until the issues were clarified. We granted that motion on 20 October 1976; this case was on the list of those remanded and to be further held. (The list was in *United States v. Ackers,* CM 433331.)

On 17 May 1977, *Jackson* was again acted on by the Court of Military Appeals. That decision announced that *Courtney* was to be applied only to those cases tried or retried after the date it was decided. *United States v. Jackson, supra.* The publication of *Jackson* satisfied the terms of the remand in this case, even though *Courtney* and *Jackson* thereby became inapplicable to it. Although this case is again ready for disposition, we cannot simply reaffirm be-cause additional issues have been introduced. Those issues and the manner of their introduction touch important parts of our appellate practice.

I

█ The first such issue is the assertion of multiplicity for sentencing purposes in the specifications averring that appellant possessed and sold marihuana at the same time and place. That assertion was not before us previously because that type of multiplicity was not identified until 14 months after this case was tried. *United States v. Smith,* 1 M.J. 260 (C.M.A. 1976). However, appellant raised the error in his petition for grant of review to the Court of Military Appeals and that Court granted that part of his petition in the remand order. Not having been decided above after its relevancy was established, the issue is before us. *See United States v. Valenzuela,* 22 C.M.R. 454, *pet. denied,* 7 U.S.C.M.A. 794, 23 C.M.R. 421 (1956). Because of the terms of the remand order which also granted appellant's petition on this issue after the date of *Smith, supra,* the law of this case is that *Smith* applies. Therefore, there is error. The error, however, did not injure this accused. He was an active dealer in drugs with two previous convictions by court-martial, one for possession of marijuana, the other for aggravated assault. Under all the circumstances, a sentence including a dishonorable discharge and two years of confinement was moderate. Imposition of the maximum under *Smith* of five years would not have been altogether inappropriate.[1]

II

The other issues are exclusively practice questions. One, the disposition of the Government's Motion for Leave to File Supplemental Citation of Authority and Analysis has been mooted. The document thus styled was really a supplemental pleading which sought to minimize the perceived impact of *Courtney.* Because *Jack-*

---

1. In some states this recidivist could have got-ten life. *See* for example the state statute involved in *Hart v. Coiner,* 483 F.2d 136 (4th Cir. (1974).

son made *Courtney* inapplicable we need not rule on the Motion to File. However, we note that the pleading did address an issue then open before us under the terms of the remand order so that it could have been received on the basis of appropriateness of subject if not otherwise objectionable.

### III

■ By way of contrast, appellant's later Motion for Leave to File Supplemental Assignment of Error is to be denied. The Assignment of Error attacks both appellant's apprehension as illegal and the product of a search incident thereto as inadmissible. That issue was not raised before us the first time, but was necessarily decided when we found the proceedings correct in law and fact as required by Article 66, UCMJ. Appellant did assert the error in his Petition for Grant of Review to the Court of Military Appeals. Although his petition was successful on two unrelated issues, the Court did not grant review of this compound search issue.

We do not here speak of the general consequences of the denial of appellant's petition for review of the search issue. As a general rule in those appellate courts with power to issue writs of certiorari, it is said that the fact that the exercise of the power is within the sound discretion of the court means that the denial of a petition decides no issue except as to the case in progress. *United States v. Mahan,* 1 M.J. 307 n. 9 (C. M.A. 1976); *see generally Ford v. Erskine,* 109 Me. 164, 83 A. 455 (1912); *People v. Common Council of City of Kingston,* 101 N.Y. 82, 4 N.E. 348 (1886). As to a case in progress, however, the denial of a petition is a decision; the moving party may no longer assert that error directly. *Valenzuela, supra.*

The rule in *Valenzuela* is well founded in logic and law. The demands of logic are manifest upon an examination of what the Court of Military Appeals really did in this case. That Court granted appellant's petitions to review the manner in which he was charged, both as to the statute chosen and as to the number of specifications under which he could be sentenced. Then the case was remanded to us in limited terms. Both issues thus are limited to the sentence only in this case and would be mooted in these circumstances by a determination that the evidence against appellant was inadmissible. Accordingly, we conclude that the Court of Military Appeals has precluded further consideration of the findings in this case by clear implication from the limited scope of its grant of review. Drawing this sort of implication from actions taken by a higher court in granting certiorari is a duty of intermediate courts. *Ex parte E. C. Payne Lumber Co.,* 205 Ala. 259, 87 So. 876 (1921).[2]

■ Close definition of what higher courts have done is also demanded by the rule of law that lower courts must obey their mandates implicitly. *United States v. Stevens,* 10 U.S.C.M.A. 417, 27 C.M.R. 491 (1959); *United States v. Sims,* 3 M.J. 671 (A.C.M.R. 1977); *State v. Kansas City,* 20 S.W.2d 7 (Mo. 1928); *Payne Lumber Co., supra.* Our analysis just above shows that the mandate in this case affected only the sentence, despite its "vacation" of our decision. In a parallel situation, "vacated and remanded" by the Supreme Court, the Fifth Circuit Court of Appeals said on its second look at the case: "Except that which we are mandated to review, our previous rulings are the law of the case and will not now be reconsidered." *Gradsky v. United States,* 376 F.2d 993 (5th Cir. 1967), *cert. denied,* 389 U.S. 908, 88 S.Ct. 224, 19 L.Ed.2d 224 (1967) [sub nom. *Grene v. United States.*] Therefore, the apprehension and search issue in this case is to be treated as a thing decided as to this appellant. We

---

**2.** The vacation of our prior decision affirming the same findings is not inconsistent with this view. First, the "*Courtney* error" was always stated as the failure to grant a trial motion to limit the maximum confinement to two years, *i.*

e., the error was not one requiring dismissal. Secondly, such total vacation where only some issues are involved is a familiar appellate court procedure. *See Levine v. United States,* 383 U.S. 265, 86 S.Ct. 925, 15 L.Ed.2d 737 (1966).

hold that a remand addressing only issues affecting the sentence precludes further consideration below of matters affecting the general issue.[3] The Motion is denied.

Accordingly, the findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence.

Chief Judge CLAUSEN and Senior Judge CLAUSE, concur.

---

**3.** The policy underpinnings of this rule were well stated by the Arizona Court of Appeals: "[The law of the case doctrine is] one to be regarded with great respect, to the end that

courts may adequately perform their primary function of putting an end to controversy." *Rail N Ranch Corp. v. State,* 7 Ariz.App. 558, 441 P.2d 786 (1968).