UNITED STATES

v.

**Norman D. HOWARD, 579 68 8774, Hull Maintenance Technician Second Class (E-5), U. S. Navy.**

**NMCM 82 0197.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 June 1981.

Decided 30 Nov. 1982.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

MICHAEL, Judge:

Appellant, pursuant to his pleas, was convicted at a special court-martial of numerous violations of the Uniform Code of Military Justice (UCMJ), including 19 specifications alleging larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921. He was sentenced by members to reduction to pay grade E–1 and a bad-conduct discharge. The reviewing authorities below approved the findings and sentence as awarded.

The error assigned presents the question of whether appellant's pleas to specifications one and two of Charge IV were provident. We agree with appellant's assertion that they were not.

■ During the providence inquiry, the military judge elicited from appellant his account of the larceny offenses which comprise the contested specifications. (*See* R. 29–32.) Appellant related that he obtained the cameras and camera equipment which were the subject of these larcenies from one of the alleged victims of the offenses for the purpose of pawning them to help finance that victim's trip home the ensuing weekend. According to appellant, the two agreed that appellant would pawn the items at an off-base establishment, with appellant taking a percentage of the proceeds for his efforts. Appellant asserts that, when he arrived at the pawn shop, he discovered that he was unable to secure a sufficient amount of money for pawning the items and that it was not until then that he decided to sell the items instead of pawning them. Thus, the providence inquiry indicates that the larcenous intent to permanently deprive the victims of their property was formed off-base and, under the facts and circumstances of this case, outside the jurisdiction of the military courts. *See* *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). This was clearly a situation where the military judge had the *sua sponte* responsibility to develop a jurisdictional defect evident in comments related by appellant during the providence inquiry. *See* *United States v. Busse,* 6 M.J. 832, 836 (N.C.M.R.1979). Appellant's pleas to specifications one and two of Charge IV were improvident.

■ In arriving at our decision that a jurisdictional defect arose during the providence inquiry, we recognize that in our recent decision in *United States v. Shea,* 14 M.J. 882 (N.M.C.M.R.1982), we found that the requisite service connection existed for the exercise of subject-matter jurisdiction where an off-base forgery was committed by a military accused against a fellow servicemember. The facts and circumstances of the instant case, however, present a different situation. In *Shea, supra,* the offenses in question carried with them the inherent potential of a serious impact upon the morale, good order, and discipline of the command and the victim's military performance. The forgeries clearly had the risk of severely jeopardizing the servicemember-victim's credit standing and financial security, which could have resulted in an administrative burden to the command as well as distracting the victim from his military duties. *See id.* We were also influenced in *Shea, supra,* by the fact that the wrongful appropriation of the credit card, which facilitated the forgeries committed by the accused in that case, took place on-base. We do not believe that the instant off-base

larceny of cameras and camera equipment from fellow servicemembers could have had the same potential detrimental effect upon the command and upon the performance of the victims in their military duties as in *Shea*. Jurisdiction cannot be predicated solely upon the military status of the victims of the offenses. *United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976); *United States v. Shea, supra.*

■ Accordingly, the findings of guilty to specifications one and two of Charge IV are set aside and the specifications are hereby dismissed. The remaining findings of guilty are approved. We have reassessed the sentence in light of our action, considering in particular the assertion by trial defense counsel—in response to the staff judge advocate's review—that a bad-conduct discharge is inappropriately severe. *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We summarily reject this contention and find the sentence as adjudged and approved on review below to be wholly appropriate for this accused and the offenses of which he stands convicted. Accordingly, the sentence is affirmed.

We note that appellant was tried and sentenced as a petty officer second class. The actions of the convening and supervisory authorities, however, denominate him as a petty officer third class. This apparent discrepancy is resolved by observing that appellant was awarded nonjudicial punishment which included reduction to pay grade E–4 on 31 July 1981, subsequent to the instant trial and prior to the convening authority's action in this case.

Senior Judge SANDERS and Judge BOHLEN concur.