UNITED STATES, Appellee,

v.

Jon K. HAYWARD, Airman Basic,
U.S. Air Force, Appellant.

No. 96–1180.
Crim.App. No. 31588.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 5, 1997.

Decided Jan. 6, 1998.

For Appellant: *Captain Harold M. Vaught* (argued); *Colonel Douglas H. Kohrt* (on brief); *Colonel Jay L. Cohen* and *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Major J. Robert Cantrall* (argued); *Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin,* and *Major Allen G. Erickson* (on brief); *Major LeEllen Coacher.*

*Opinion of the Court*

EFFRON, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of two charges (1 specification each) of wrongful use of methamphetamine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 1 year, and forfeiture of $150.00 pay per month for 12 months. The convening authority approved these results, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY APPLYING A NOTION OF "IMPLIED CONSENT" TO THE REQUIREMENT UNDER RCM 601(e)(2) THAT NO ADDITIONAL CHARGES BE REFERRED TO TRIAL, AFTER ARRAIGNMENT, "WITHOUT CONSENT OF THE ACCUSED."

We affirm on the grounds that, under the circumstances of this case, the post-arraignment referral of the second charge did not materially prejudice the substantial rights of appellant.

## I. FACTS

Each charge of wrongful use of methamphetamine against appellant arose from a positive urinalysis test result. Appellant provided the first urinalysis sample in March 1994; the second was provided in May 1994.

On September 13, 1994, appellant was arraigned on the original charge, which arose from the March urinalysis. At this session, the Government stated that it was prepared to proceed on that charge. Appellant, however, requested and was granted an indefinite delay and an investigator to assist with analyzing the May test result, which was not at that time the subject of court-martial charges.

On October 13, an additional charge was preferred, based on the second urinalysis result. This charge was referred to trial by general court-martial on November 21, with an instruction that it be tried with the original charge.

When the court-martial reconvened on November 29, 1994, the military judge reviewed appellant's forum and counsel rights and advised appellant that he had the right to an investigation of the additional charge under Article 32, UCMJ, 10 USC § 832. Appellant replied that he understood this right and acknowledged that he freely and voluntarily waived it. Appellant then was arraigned on the additional charge and its specification. The record does not reflect any express consideration of RCM 601(e)(2), Manual for Courts–Martial, United States (1995 ed.), which provides: "After arraignment of the accused upon charges, no additional charges may be referred to the same trial without consent of the accused."

At trial, appellant asserted "innocent ingestion" as a complete defense to both of the charges. Appellant claimed that over a period of several months he had taken some "energy capsules" that had been given to him by a co-worker at his off-duty employment and that he did not know that the capsules contained methamphetamine. According to appellant, it was only after the second positive urinalysis that he connected the pills to the positive test results. When he had the pills tested, the results were positive for methamphetamine. At trial, appellant introduced the pills and test results into evidence, but he did not present any testimony from the co-worker who allegedly had provided the pills. After considering the evidence presented by both the prosecution and the defense, the members convicted appellant of both charges.

The staff judge advocate (SJA), in his post-trial recommendation to the convening authority, noted that the referral of the additional charge, after appellant had been arraigned on the original charge, violated RCM 601(e)(2) because the military judge did not explore the issue on the record. The SJA further advised the convening authority that the error was harmless under the circumstances, citing appellant's waiver of the Article 32 investigation and his failure to object to the post-arraignment joinder of the additional charge. Despite this clear notice of the error and the use of a harmless error analysis, appellant did not challenge the views of the SJA, nor did he otherwise seek any relief on this issue in his post-trial submissions to the convening authority. Appellant did not request a post-trial session under Article 39(a), UCMJ, 10 USC § 839(a), to bring the defect to the attention of the military judge.

Appellant first raised the RCM 601(e)(2) issue before the Court of Criminal Appeals, arguing that joinder of the additional charge was prejudicial error because: (1) he did not consent to joinder on the record, and there is no indication that he even knew of the rights conferred by the rule; and (2) the additional charge undermined his "innocent ingestion" defense, which, "by its very nature, generally becomes less credible where [it] is applied to multiple [charges]" of wrongful drug use. Final Brief at 8. The court, however, rejected the argument that "an accused must literally and specifically consent on the record to joinder of an additional charge after arraignment on the original charge for the joinder to be valid." The court found that, given the circumstances presented, "inferring consent from the appellant's tactical approach at trial" was appropriate. *Unpub. op.* at 3. Appellant now challenges the lower court's invoca-

tion of the doctrine of implied consent in the context of joinder of additional charges after arraignment, and he argues that he was prejudiced by the improper joinder.

## II. DISCUSSION

 The protection in RCM 601(e)(2) against post-arraignment referral of additional charges without consent of an accused, although important, is not a statutory or constitutional right.* Defects in applying the rule, which have been tested for prejudice under Article 59(a), UCMJ, 10 USC § 859(a), have not been treated as jurisdictional error. *See, e.g., United States v. Marsh,* 19 MJ 657, 659 (ACMR 1984); *United States v. Lee,* 14 MJ 983, 987 (NMCMR 1982); *United States v. Lewis,* 10 MJ 596, 599 (AFCMR 1980). The purpose of RCM 601(e)(2) is simply to "create[ ] a certain stability to the trial process and firm[ ] the matters against which an accused must defend." *United States v. Koke,* 32 MJ 876, 881 (NMCMR 1991), *aff'd,* 34 MJ 313 (CMA 1992). Violations of this rule must be examined for material prejudice to appellant's substantial rights. Art. 59(a).

Appellant's conduct throughout the proceedings does not support his argument that he was prejudiced by joinder of the additional charge. Appellant was aware of the second positive urinalysis result even before he was arraigned on the original charge in September. At the same court session, the military judge granted, at appellant's request, an indefinite continuance for appellant to investigate the second test result, even though the Government was prepared to proceed on the original charge alone. When the court-martial resumed in November, appellant specifically waived the Article 32 investigation, a procedural barrier to prosecution beneficial to an accused. Appellant then was arraigned on the additional charge.

We also note that the joinder of the charges was consistent with appellant's trial strategy, which was based on the proposition that he discovered the possibility that the "energy capsules" led to a positive result

only after the second test. The joinder of charges permitted appellant to assert his "innocent ingestion" defense before a single panel at a single trial to explain two test results that were close together in time and that were the product of the same alleged misunderstanding. Appellant's alternative would have been to risk two trials, with the probability that the second test result would be admissible at the first trial and the possibility of an increased sentence as a recidivist if twice convicted. The absence of prejudice is *further underscored* by appellant's failure to assert the error once it was identified by the SJA in his post-trial recommendation. Appellant did not seek any relief at that point from either the convening authority or the military judge.

Appellant's course of conduct from the outset of the proceedings (especially his express waiver of the Article 32 investigation of the additional charge, a significant procedural barrier to joinder), in conjunction with the existence of strong affirmative reasons to try the charges together and the fact that appellant has not articulated any prejudice (beyond speculation) that he has suffered, convinces us that he was not prejudiced by joinder of the charges.

In view of these circumstances, we need not decide what circumstances, if any, would suffice to support a determination that there has been "implied consent" to a post-arraignment referral of an additional charge. We note, however, that this problem can be avoided if military judges ensure that there is express consent on the record to any such post-arraignment referral of an additional charge.

## III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.

---

* In view of appellant's notice of the second charge, his opportunity to require an Article 32 investigation of it, and his request to delay the court-martial to investigate it, this case does not raise the issue of a constitutional violation in terms of procedural due process.