**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic BRANDON T. ROSE**
**United States Air Force**

**ACM 36508 (rem)**

**18 February 2014**

Sentence adjudged 14 February 2013 by GCM convened at Scott Air Force
Base, Illinois. Military Judge: Joshua E. Kastenberg.

Approved Sentence: Dishonorable discharge and confinement for 20
months.

Appellate Counsel for the Appellant: Dwight H. Sullivan, Esquire.

Appellate Counsel for the United States: Colonel Don M. Christensen;
Lieutenant Colonel C. Taylor Smith; and Gerald R. Bruce, Esquire.

Before

ORR, HARNEY, and MITCHELL
Appellate Military Judges

ON REMAND

This opinion is subject to editorial correction before final release.

ORR, Senior Judge:

On 11 October 2005, the appellant pled guilty before a military judge sitting as a
general court-martial to one specification of attempted larceny; one specification of
violation of a lawful order; one specification of drunk driving; one specification of
forgery; one specification of housebreaking; one specification of obstructing justice;
eleven specifications of larceny; and three specifications of indecent assault, in violation
of Articles 80, 92, 111, 123, 130, 121, and 134, UCMJ, 10 U.S.C. §§ 880, 892, 911, 923,
930, 921, 934. The military judge accepted his pleas and sentenced him to a dishonorable

discharge and confinement for 20 months.[1]  The convening authority approved the sentence as adjudged, but waived mandatory forfeitures for the benefit of the appellant's wife.

This case is before us following a remand and rehearing.  Following his trial in 2005, the appellant originally asserted that he received ineffective assistance of counsel when members of his trial defense team, specifically his civilian defense counsel, erroneously advised him that a conviction for the indecent assault offenses would not require him to register as a sex offender.  He claimed that had he known he would have to register as a sex offender, he would not have pled guilty to those offenses.  On 7 September 2007, this Court ordered a hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967), to make findings of fact and conclusions of law related to whether the appellant received ineffective assistance of counsel.  In a published decision, *United States v. Rose*, 67 M.J. 630 (A.F. Ct. Crim. App. 2009), this Court determined that the appellant received ineffective assistance of counsel and set aside the indecent assault charge and specifications.  After the case was remanded by our superior court in *United States v. Rose*, 68 M.J. 235 (C.A.A.F. 2009) (mem.), this Court issued a second opinion dismissing the indecent assault charge and specifications and again found the appellant had received ineffective assistance of counsel under the same analysis.  *United States v. Rose*, ACM 36508 (f rev) (A.F. Ct. Crim. App. 11 June 2010) (unpub. op.).

Our superior court again remanded the case back to this Court because they did "not have a complete decision on all findings and sentence [for review] . . . as required by Article 67(c), [UCMJ], 10 U.S.C. § 867(c)."  *United States v. Rose*, 69 M.J. 426 (C.A.A.F. 2010) (mem.).  After further review, this Court dismissed the indecent assault charge and specifications, affirmed the remaining findings, and reassessed the sentence.  *United States v. Rose*, ACM 36508 (rem) (A.F. Ct. Crim. App. 9 March 2011) (unpub. op.).  The Government then asked for reconsideration en banc.  The request was granted, and on 15 August 2011, this Court issued an order which authorized a rehearing on the indecent assault charge and specifications and sentence and affirmed the remaining findings. *United States v. Rose*, ACM 36508 (rem) (A.F. Ct. Crim. App. 15 August 2011) (en banc) (order) (hereinafter "Order").  On 24 May 2012, our superior court upheld this Court's finding of ineffective assistance of counsel and Order.  *United States v. Rose*, 71 M.J. 138, 140 (C.A.A.F. 2012).  Additionally, they found error due to the omission of the terminal elements in the Article 134, UCMJ, specifications, but no prejudice.  *Id.*  As a result, they returned the case to The Judge Advocate General of the Air Force for remand to an appropriate convening authority for further proceedings.  *Id.* at 145.

On 21 December 2012, an appropriate convening authority referred the indecent assault charge and specifications as Second Additional Charge, Specifications 1, 2, and 3 to trial along with the remaining affirmed charges for sentencing.  The charge and

---

[1] The appellant pled guilty pursuant to a pretrial agreement that limited confinement to 24 months.

specifications were identical to the specifications dismissed by this Court; however, a terminal element was added to each Article 134, UCMJ, specification. *See United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011); *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). During the rehearing, the appellant pled not guilty to the Second Additional Charge and its Specifications and elected to be tried by a panel of officers. The panel found the appellant guilty of the Second Additional Charge and its Specifications, excepting the words "unzipping her pants" from Specification 1. On 14 February 2013, the panel sentenced the appellant to a dishonorable discharge, confinement for 3 years and 2 months, and forfeiture of all pay and allowances. The convening authority approved only the dishonorable discharge and confinement for 20 months.

The appellant raises five assignments of error for our consideration: (1) Whether the trial proceedings impermissibly exceeded the scope of the remand by trying him on a newly preferred and referred additional charge; (2) Whether he was improperly tried on an additional charge referred post-arraignment without his consent in violation of Rule for Courts-Martial (R.C.M.) 601(e)(2); (3) Whether the military judge erred by denying a statute of limitations challenge where the convening authority did not indicate that he dismissed the original specifications as defective or insufficient; (4) Whether the military judge erred by failing to sua sponte recuse himself due to a previous professional relationship with trial counsel; and (5) Whether the military judge erred by failing to sua sponte excuse two members who had a previous professional relationship with trial counsel.[2] The appellant asks this Court to dismiss the Second Additional Charge and its Specifications and to authorize a rehearing on the sentence.

*Scope of the Remand*

In his first assignment of error, the appellant argues his rehearing on the indecent assault charge and specifications was impermissible because it exceeded the scope of the remand from our superior court. This Court authorized a rehearing on "Specifications 1, 2, 3, and of Charge V and the sentence," and our superior court affirmed this Court's decision. Order; *Rose*, 71 M.J. at 144. The convening authority dismissed that charge and its specifications. However, three specifications of indecent assault, with a terminal element added, were preferred and referred as the Second Additional Charge. The appellant contends that the convening authority's decision to re-refer Charge V as the Second Additional Charge was error. We disagree.

The appellant argues the scope of the remand, the language of this Court's Order, "permitted two things and two things only: (1) 'a rehearing on Specifications 1, 2, and 3 of Charge V' and (2) 'a rehearing on . . . the sentence.'" He asserts that once the convening authority withdrew and dismissed Specifications 1, 2, and 3 of Charge V on

---

[2] The appellant raised the latter two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

19 November 2012, the only thing left "within the authority of the court-martial upon remand" was a rehearing on the sentence.

In support of his argument, the appellant cites *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989), for the proposition that a court is limited by the remand and may only take actions that comport with the conditions of that remand. He further contends *United States v. Stevens*, 27 C.M.R. 491, 492 (C.M.A. 1959), held "an action exceeding the scope of a remand order is 'void.'"[3] He also cites to *United States v. Riley*, 55 M.J. 185, 188 (C.A.A.F. 2001), which held that a lower court's actions may not exceed the scope of remand. In the appellant's view, the prosecution of the Second Additional Charge exceeded the scope of the remand and therefore it is void.

In response, the Government asserts that the prosecution of the Second Additional Charge was authorized under the remand order. The remand order did not limit the convening authority's discretion to prosecute the appellant, in conjunction with a rehearing, for any additional charges. Pointing to R.C.M. 1107(e)(1)(D), the Government argues that "Congress, the President, and military case law have all approved of adding charges to those sent back for a rehearing." The Government also argues this situation was implicitly anticipated by Congress, because Article 63, UCMJ, 10 U.S.C. § 863, provides that an accused cannot receive a sentence at a rehearing "in excess of or more severe than the original sentence . . . unless the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings."

We find that the court-martial had jurisdiction to try the Second Additional Charge because the five requisites to jurisdiction, outlined in R.C.M. 201(b), were met: (1) The court-martial was convened by an officer empowered to convene it; (2) The court-martial was composed in accordance with the Rules for Courts-Martial regarding its personnel; (3) Each charge was referred to the court-martial by a competent authority; (4) The appellant was subject to court-martial jurisdiction; and (5) The offense was subject to court-martial jurisdiction. In this case, the appellant signed a pretrial agreement to plead guilty to Charge V and its Specifications, but later elected not to comply with the terms of the agreement. Because our superior court determined that the Specifications of Charge V failed to state an offense, we believe the remand authorized the convening authority to add the terminal element and refer an additional charge because the underlying misconduct for Charge V and its Specifications was the same as the misconduct alleged in the Second Additional Charge. By simply "authorizing a rehearing," this Court and our superior court did not set any limitations to restrict the power of the convening authority to refer an additional charge to that rehearing.

---

[3] The actual language of the case reads: "Subsequent purported actions of the convening authority in the case were contrary to the Order of this court and void and of no effect." *United States v. Stevens*, 27 C.M.R. 491, 492 (C.M.A. 1959). In a footnote, the Court also stated: "After remand of a case, a lower court, or in the military any lower echelon, is without power to modify, amend, alter, set aside, or in any manner disturb or depart from the judgment of the reviewing court." *Id.* at 492 n.1.

*Improper Referral*

In his second assignment of error, the appellant asserts he was improperly tried on an additional charge referred post-arraignment without his consent, in violation of R.C.M. 601(e)(2). That rule prohibits the referral of additional charges to a trial after arraignment without the consent of the accused. Although the appellant did not consent to be tried on the Second Additional Charge and its Specifications in conjunction with the sentence rehearing, we find that the error resulted in no material prejudice.

The appellant was arraigned on 11 October 2005, and the rehearing conducted in February 2013 was a continuation of the initial proceedings. *See, E.g.*, *Reid v. Covert*, 351 U.S. 487, 491 (1956). The Second Additional Charge was referred on 21 December 2012 and there is no evidence in the record of trial indicating that the appellant consented to the referral of that charge post-arraignment. As previously discussed, we believe the offenses alleged in the Second Additional Charge are new, but not different offenses; they are merely the same offenses alleged in Specifications 1, 2, and 3 of Charge V with the addition of the terminal element. However, for the first time on appeal before this Court, the appellant asserts the Government committed error by prosecuting him on the Second Additional Charge at the rehearing without his consent because these new offenses were referred to trial after his arraignment as an additional charge. We agree with the appellant's assertion that it was error to refer the Second Additional Charge and its Specifications to the sentence rehearing without his consent.

Having found error, we test for material prejudice to the appellant's substantive rights. *United States v. Hayward*, 47 M.J. 381, 383 (C.A.A.F. 1998). *See also* R.C.M. 905(b)(5); R.C.M. 906(b)(10). The appellant avers that this error resulted in material prejudice to him because he would "likely have received a far less severe sentence without the indecent assault convictions." He argues that at a separate trial for only those three specifications, his sentence "would have almost certainly been substantially less than his sentence for all of the charges and specifications combined." In essence, he believes that a combined sentence from two separate sentencing proceedings would result in a lesser sentence than the one he received in his original trial or the rehearing.

Although the Government committed error by trying the appellant for the offenses alleged in the Second Additional Charge during the rehearing without his consent, we find no prejudice. First, R.C.M. 1107(e)(1)(D) allows additional charges to be referred to a rehearing. Second, under the facts of this case, the prejudicial impact of the appellant's rehearing is limited because Article 63, UCMJ, provides that an accused cannot receive a sentence at a rehearing in excess of the original sentence. Third, the appellant's contention that his sentence "would have almost certainly been substantially less" by having a sentence hearing and a later court-martial is highly speculative given the greater

sentence adjudged by the officer members. It also ignores the likelihood that the results of the sentence rehearing would be admissible at his second trial and the possibility of a greater sentence due to his recidivism. Fourth, the appellant's argument that the offenses alleged in the Second Additional Charge were new, and "substantively different" offenses, could work to his detriment. Specifically, R.C.M. 810(d)(1) states:

> When a rehearing or sentencing is combined with trial on new charges, the maximum punishment that may be approved by the convening authority shall be the maximum punishment under R.C.M. 1003 for the offenses being reheard as limited above [capped by a previous trial or hearing], plus the total maximum punishment under R.C.M. 1003 for any new charges of which the accused has been found guilty.

As a result, the limits of the pretrial agreement and the sentencing cap from the original trial would no longer apply to the Second Additional Charge if it was determined to be a new charge.

Even though the appellant signed a pretrial agreement and elected not to comply with the terms of the agreement, the course of action chosen by the Government actually served to benefit the appellant by limiting his punitive exposure. Article 63, UCMJ, prohibits the convening authority from approving a sentence after the rehearing in excess of the original adjudged sentence unless the sentence is based upon a finding of guilty not considered in the original proceedings. We find the sentence adjudged in the rehearing was based upon the same offenses considered upon the merits in the original proceedings.

Moreover, the appellant's arguments miss the rationale behind R.C.M. 601(e)(2). This protection is neither a statutory nor constitutional right, but rather is designed to provide stability to the trial process and allow the accused adequate preparation. *See Hayward*, 47 M.J. at 382; *United States v. Koke*, 32 M.J. 876, 881 (N.M.C.M.R. 1991), *aff'd,* 34 M.J. 313 (C.M.A. 1992). We have no doubt the appellant was aware of the matters he had to defend himself against because he pled guilty to the same acts during his original trial. Additionally, he failed to assert this error at trial. In sum, it was error for the Government to try the appellant for the Second Additional Charge at the rehearing without his consent, but we find no material prejudice.

*Statute of Limitations*

In his third assignment of error, the appellant argues the military judge erred when he found the exception to the five-year statute of limitations under Article 43, UCMJ, 10 U.S.C. § 843, applied, because when the convening authority withdrew and dismissed the specifications he did not specifically state that he was dismissing them "as defective or insufficient." This, the appellant argues, was a failure to follow "the express statutory

language" regarding the statute of limitations, a requirement discussed in *Toussie v. United States*, 397 U.S. 112 (1970). We disagree.

Whether the statute of limitations has run is a question of law we review de novo. *United States v. McElhaney*, 54 M.J. 120, 125 (C.A.A.F. 2000). Article 43(g)(1), UCMJ, provides that if charges and specifications are dismissed after the statute of limitations has expired, new charges and specifications alleging the same acts or omissions as the dismissed charges may be heard by court-martial when those new charges are "received by an officer exercising summary court-martial jurisdiction within 180 days after the dismissal."

After a series of appeals in the appellant's case, our superior court ruled that it was error to omit the terminal element from Specification 4 under Charge V, but found no prejudice because the appellant pled guilty. *United States v. Rose*, 71 M.J. 138, 144 (C.A.A.F. 2012). Our superior court set aside Specifications 1, 2, and 3 of Charge V, which also omitted the terminal element, because the appellant's pleas were improvident due to ineffective assistance of counsel. By memorandum on 19 November 2012, the convening authority withdrew and dismissed Specification 1, 2, and 3 of Charge V without prejudice. On 21 December 2013, the convening authority referred an identical charge and specifications, containing the requisite terminal element, to trial as the Second Additional Charge and its Specifications.

The military judge heard a motion to dismiss based on the statute of limitations, but found that "when [the convening authority] ordered a rehearing, [he] did so from a Charge and specification found to be defective, and therefore reasonably dismissed and recharge[d] the accused." The military judge also held that "Article 43(g)(2)[, UCMJ,] permits the Government to charge an accused with substantially the same acts from a prior trial, when the result of that prior trial (a conviction and sentence), were reversed and the appellate court rules that the Government may retry the charges." He then determined that the Government had complied with the plain language of Article 43, UCMJ, and denied the defense's motion to dismiss.

The crux of the appellant's argument is that even if the Second Additional Charge and its Specifications are in the proper format, the convening authority should have added the words "as defective or insufficient" to his memorandum directing withdrawal and dismissal of Specifications 1, 2, and 3 of Charge V. Without these words, the trial judge is unable to discern the convening authority's rationale for dismissing Charge V. We disagree.

The Government is expressly authorized to charge an accused with substantially the same acts from a prior trial when the prior charges were dismissed as "defective or insufficient *for any cause*." Article 43, UCMJ (emphasis added). Our superior court determined that the specifications of the original charge did not state an offense because

the terminal element was not alleged.  Given the procedural history of this case and the fact the specifications, as re-referred, are verbatim with the original charges except for the addition of the terminal element, we are convinced that the reason for the dismissal and re-referral was the deficiency.  Therefore, we find that the military judge did not err by concluding that the Government complied with Article 43, UCMJ, and dismissing the appellant's motion at trial.

*Recusal of the Military Judge and Excusal of Court Members*

In his last two assignments of error, the appellant claims the military judge abused his discretion in failing to recuse himself after disclosing that the lead prosecutor had once done him a "big favor" by editing a draft manuscript and that he failed to sua sponte excuse two court members who had dealt with the lead prosecutor when she was serving as a staff judge advocate.  We disagree.

R.C.M. 902(a) requires a military judge to disqualify "himself or herself in any proceeding in which [the] military judge's impartiality might reasonably be questioned." In this case, the military judge disclosed his prior professional relationship with the lead trial counsel, but assured counsel, "I can with all confidence, state that I will not be partial to either side in this trial and I will rule accordingly to ensure that [the appellant] receives a fair trial."  He then gave counsel for both sides the opportunity to question him.  After asking the military judge a series of questions, trial defense counsel stated he had no grounds to challenge the military judge.  In light of the military judge's full disclosure and the absence of an objection by either side, we find no abuse of discretion by the military judge's decision not to sua sponte recuse himself.

Next, the appellant argues the military judge should have sua sponte excused two panel members who had a professional relationship with the lead trial counsel, to preserve the appearance of a fair military justice system, citing *United States v. Strand*, 59 M.J. 455 (C.A.A.F. 2004) and *United States v. Dale*, 42 M.J. 384 (C.A.A.F. 1995) as authority.

Whether the military judge committed error by failing to excuse a military member sua sponte is reviewed for an abuse of discretion.  *Strand*, 59 M.J. at 458.  Even though the trial defense counsel arguably waived this assignment of error because he did not challenge either of the two members at trial, consistent with R.C.M. 912(f)(4), we reviewed the facts of the case to determine whether a challenge for cause existed.  After doing so, we found no actual or implied bias that required the military judge to excuse either of the members sua sponte "in the interest of justice."  As a result we find the appellant's final two assignments of error are without merit.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 36508 (rem)