**140**

**UNITED STATES, Appellee,**

v.

**Donald C. ODEGARD, Jr., Cadet First Class U.S. Air Force, Appellant.**

**No. 54,177.**
**ACM 24656.**

U.S. Court of Military Appeals.

Sept. 30, 1987.

Certiorari Denied Feb. 22, 1988.
See 108 S.Ct. 1017.

For Appellant: *Major William H. Lamb* (argued); *Colonel Leo L. Sergi* (on brief); *Captain Henry J. Schweiter.*

For Appellee: *Major Joseph S. Kistler* (argued); *Colonel Joe R. Lamport* (on brief); *Colonel Kenneth R. Rengert* and *Lieutenant Colonel Donal F. Hartman, Jr.*

*Opinion of the Court*

PER CURIAM:

A general court-martial convened at the United States Air Force Academy on June 22 and 23, 1984, convicted appellant, a cadet, of violating Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, by wrongfully "steal[ing] four (4) five-dollar bills" from a fellow student. He was tried by members, who found him guilty despite his pleas. He was sentenced to be dismissed, to be confined for 2 months, and to forfeit all pay and allowances. The convening authority approved, and the Court of Military Review affirmed, the findings and sentence. We granted review on eight issues.*

---

\* The Issues are:

I. WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY APPLYING THE WRONG LEGAL STANDARD IN AFFIRMING APPELLANT'S CONVICTION IN THAT THE COURT IN EXERCISING ITS FACTFINDING POWER UNDER ARTICLE 66(c), U.C.M.J. FAILED TO EVALUATE THE EVIDENCE BASED ON A REASONABLE DOUBT STANDARD AND INSTEAD USED A HYPOTHETICAL CONSISTENT WITH GUILT WHERE SUCH HYPOTHETICAL WAS

NO MORE REASONABLE THAN THE EVIDENCE CONSISTENT WITH INNOCENCE.

II. WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING A DEFENSE REQUEST TO CONDUCT CERTAIN DEMONSTRATIONS BEFORE THE COURT MEMBERS.

III. WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY GIVING OVER DEFENSE OBJECTION A "CON-

Thefts had occurred in cadets' rooms, and the investigation focused upon appellant. A special agent of the Office of Special Investigations (OSI) made arrangements with appellant's roommate to plant money in that person's desk. The money had been treated with methylene blue chloride (MBC), a chemical that turns blue when it comes in contact with moisture. Ultimately, the money was taken from the roommate's desk without his knowledge or consent. The ensuing investigation led to discovery of traces of the chemical in appellant's checkbook, where he also routinely kept his money.

The Court of Military Review, in a very thorough and detailed opinion, concluded:

[W]e see no other reasonable explanation for the presence of MBC in appellant's checkbook other than the conclusion he stole the money from ... [his roommate's] desk drawer and at some point temporarily stored it in his checkbook. We find this evidence sufficient to support the trial court's finding of guilty.

Unpub. op. at 6.

Appellant asserts that the Court of Military Review applied an improper standard in assessing the sufficiency of the evidence. However, we note the following language from the opinion:

The critical issue here, and one which was argued vigorously before the court members, in appellate briefs and in oral argument before us, then becomes, whether the government met its burden of proving the guilt of appellant *beyond a reasonable doubt*. Although the prosecution had only a limited amount of material, circumstantial evidence with which to work, we believe they were successful.

*Id.* at 5 (emphasis added). Thus, it appears that the Court of Military Review did conclude that the evidence was sufficient beyond a reasonable doubt to sustain the conviction.

■ We review questions of sufficiency of the evidence to determine if there is "some legal and competent evidence from which a court-martial may find or infer beyond a reasonable doubt those facts required by law for conviction." *United States v. Harper*, 22 M.J. 157, 161 (C.M.A. 1986); *see Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

SCIOUSNESS OF GUILT" INSTRUCTION.

IV. WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING OVER DEFENSE OBJECTION PROSECUTION EXHIBIT 2, A WALLET BELONGING TO THE ACCUSED, WHERE THE OFFICE OF SPECIAL INVESTIGATIONS AGENT IN CHARGE OF THE INVESTIGATION TESTIFIED THAT HE RUBBED DOWN THE WALLET WITH A KIMWIPE FOR THE PURPOSE OF OBTAINING EVIDENCE OF A BLUE STAIN, THAT HE THOUGHT AT THE TIME THAT HE OBSERVED A VERY LIGHT BLUE SMEAR ON THE KIMWIPE AND SO TESTIFIED BEFORE THE COURT MEMBERS, THAT HE THEN THREW THE KIMWIPE IN THE TRASH BECAUSE IT WAS NOT IN THE VIEW OF THE AGENT "EVIDENCE," THAT HE ADMITTED AT TRIAL THAT IT WOULD BE HELPFUL TO KNOW WHAT WAS ON THE KIMWIPE, AND WHERE THE LABORATORY THEREAFTER WAS UNABLE TO IDENTIFY THE STAIN ON THE PLASTIC INSERTS OF THE WALLET BECAUSE THERE WAS INSUFFICIENT QUANTITY TO TEST AND WHERE THERE WAS PREJUDICE TO APPELLANT BY VIRTUE OF THE FACT THAT EVIDENCE OF GUILT OF LARCENY OF MONEY WAS BASED UPON STAINS ALLEGEDLY OBTAINED FROM DUSTING MONEY LATER REPORTED MISSING.

V. WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING A DEFENSE CHALLENGE FOR CAUSE AGAINST THE MEMBER, CAPTAIN STEIN.

VI. WHETHER THE PRETRIAL ADVICE WAS MISLEADING AND SUCH ADVICE PREJUDICED APPELLANT WHOSE CASE WAS NOT CONSIDERED IN LIGHT OF ACCURATE INFORMATION WHERE THERE WAS A DISAGREEMENT BETWEEN THE ARTICLE 32 INVESTIGATION OFFICER AND THE STAFF JUDGE ADVOCATE ON AN ISSUE OF FACT.

VII. WHETHER APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.

VIII. WHETHER THE PETITION FOR NEW TRIAL SHOULD BE GRANTED.

Applying this standard, we conclude that the evidence as outlined and analyzed by the court below is sufficient to sustain a conviction for larceny.

We have reviewed the remaining issues raised by appellant and conclude that no error which "materially prejudices ... [his] substantial rights" has been committed. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

Finally, turning to appellant's petition for a new trial based upon newly discovered evidence, we agree with the Court of Military Review that the petition was not properly filed. Unpub. op. at 6–7. We do not desire, however, that appellant be denied the opportunity to seek a new trial from the Judge Advocate General in accordance with established rules and procedures. Toward this end, we note that Article 73 of the Code, 10 U.S.C. § 873, does not prescribe a particular form or particular procedures to be followed. Accordingly, we hold that the petition shall not be dismissed on the jurisdictional basis that it was not timely filed.

The decision of the United States Air Force Court of Military Review is affirmed. Appellant shall have 60 days from the date of this decision in which to conform his petition to the requirements of R.C.M. 1210, Manual for Courts-Martial, United States, 1984.

Judge SULLIVAN disqualified himself from participation in this case.