UNITED STATES, Appellee,

v.

Alexander E. GIAMBRA, Specialist
U.S. Army, Appellant.

No. 64,331.
CMR No. 8801625.

U.S. Court of Military Appeals.

Argued March 2, 1993.
Decided Sept. 28, 1993.

For Appellant: *Captain Michael E. Smith* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James J. Weise, Major James M. Heaton* (on brief).

For Appellee: *Captain David G. Tobin* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Timothy W. Lucas* (on brief).

*Opinion of the Court*

WISS, Judge:

This case has been returned to us after a limited factfinding proceeding was held pursuant to a unanimous decision of this Court. 33 MJ 331 (CMA 1991). *See United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967). At that time, this Court had before it three issues which had been granted review, *see* 33 MJ at 332, and a petition for new trial that was based on a purported post-trial affidavit of the prose-

cutrix—appellant's teenage stepdaughter—recanting her trial testimony against appellant.

In that earlier opinion, this Court found error in the military judge's admission of a hearsay statement of the prosecutrix's mother; * however, this Court decided that it would be helpful to its consideration of the potential prejudice from that error if, first, an evidentiary hearing resolved the efficacy of the prosecutrix's apparent post-trial recantation of her trial testimony. The Court's opinion did not resolve the merits either of the other two granted issues or of the petition for new trial. *See id.* at 335–36 n. 4.

Now, on further consideration of the original appeal, the record of the limited hearing, and the most recent briefs and arguments of the parties in this Court, we hold that: 1) Appellant has not carried his burden of demonstrating his entitlement to a new trial; 2) nonetheless, the erroneous admission of the hearsay statement of the prosecutrix's mother operated to appellant's prejudice and, therefore, a rehearing is appropriate; and, 3) in light of this disposition, we do not need to decide the remaining two issues that we originally had granted for review.

### New Trial

■ Preliminarily, appellant objects to what he perceives as this Court's decision on original review to dispose of his new-trial petition via a *DuBay* proceeding. Although, in the interest of judicial economy, the Court did authorize the military judge to set aside the findings and sentence and dismiss the charges if he decided, on remand, that the prosecutrix was being truthful in her recantation, that did not alter the central purpose of ordering that hearing. The limited hearing into the purported recantation that the Court ordered there was not for the purpose of resolving the new-trial petition; rather, it was for the purpose of resolving a matter that would be a factor in our ultimate determination of the question of prejudice emanating from the hearsay error. *See* 33 MJ at 334–35.

Having established this, however, we do not feel obligated—nor, indeed, at liberty—to ignore the record of the limited hearing. Had appellate counsel for the Government during the original appeal done what trial counsel did on remand—that is, go to the prosecutrix and obtain her sworn testimony or statement that she did *not* in fact recant her trial testimony—we surely would have considered that in deciding whether, on the basis of the evidence as a whole, there was "significant and substantial evidence that presented a legitimate dispute on the question of" the veracity of the trial testimony. *See United States v. Van Tassel,* 38 MJ 91, 96 (CMA 1993). Accordingly, we will consider the record on remand as part of the evidence as a whole in deciding whether an issue warranting a new trial is raised.

In the original opinion in this case, this Court noted:

> We are most certainly aware that petitions for new trial based upon a witness' change of her testimony are not viewed favorably in the law. *See United States v. Bacon,* 12 MJ 489 (CMA 1982). Indeed, appellant has the heavy burden of establishing his entitlement to relief. *Id.* A new trial should not be granted unless "[t]he court is reasonably well satisfied that the testimony given by a material

---

* This Court described that statement in these terms:

> In the [sworn, written] statement [to agents of the Criminal Investigation Command], Mrs. Giambra described the conversation she had with her daughter the afternoon following the assault. She stated that the victim had told her that, on the previous night, appellant had been in her room naked, touching her, and lying on top of her. She also stated that she

had confronted appellant about the allegations, and he had responded that "he didn't know why he did it"; and that he had been in his stepdaughter's "bed more than once." The statement further mentioned that, on March 7 [the day of the alleged incident], appellant had come home for lunch and told her "he needed help," but a conversation about what he needed help with had been put off because she was sick.

33 MJ 331, 333 (1991).

witness is false." *Larrison v. United States*, 24 F.2d 82, 87 (7th Cir.1928).... 33 MJ at 335. Considering the evidence as a whole, both that produced during the court-martial and that offered on the issue of a new trial, we are unconvinced that there is a legitimate dispute whether the prosecutrix has recanted her trial testimony. *See* Art. 73, Uniform Code of Military Justice, 10 USC § 873. In this light, appellant has not carried his burden justifying a new trial.

### Prejudice from Hearsay

 In *United States v. Weeks*, 20 MJ 22, 25 (1985), this Court

adopt[ed] the following four-pronged analysis to test for prejudice [from erroneous evidentiary rulings]:

First: Is the Government's case against the accused strong and conclusive? *United States v. Lewis*, 482 F.2d 632, 644 (D.C.Cir.1973).

Second: Is the defense's theory of the case feeble or implausible? *United States v. Lewis, supra* at 646.

Third: What is the materiality of the proffered testimony?....

Fourth: What is the quality of the proffered defense evidence and is there any substitute for it in the record of trial?

(Footnote omitted.) Applying this analysis to the hearsay error that occurred here, we are unable to conclude that appellant was not prejudiced.

First, the prosecution's case against appellant was neither strong nor conclusive. As this Court observed on original review, "It is actually quite apparent from the contentions of government counsel at trial and from the facts of the case that the Government was concerned that its case was falling apart." 33 MJ at 334. This evaluation is supported by these reflections of the record: The prosecutrix was a manipulative and evasive witness; she had a history of lying to her parents; she told contradictory stories regarding what happened and once denied that anything had occurred at all; she had a plausible motive for fabricating the allegations—to orchestrate her return to Florida from the family's overseas assignment so that she could be with her teenage boyfriend; and there was no physical evidence of the alleged incident— not even any evidence of appellant's body hair being found on the prosecutrix or in her bed.

Second, the defense theory of the case was neither feeble nor implausible. The defense presented a picture at trial of the prosecutrix's being an unruly 17–year–old girl who was most unhappy in Germany, yet whose domestic disciplinary problems had jeopardized her hopes of returning to visit her boyfriend. Fearful of being on the "defensive" if her parents discovered her recent lying about attending a friend's slumber party when, in fact, she had partied all night and gotten drunk, she made up these allegations in order to seize the "offense" and to facilitate her return to Florida.

Third, the inadmissible hearsay was used in a material way on the central issue of the prosecutrix's credibility. Trial counsel contended in his closing argument, "[Y]ou either believe her or you don't." Then he stated that "in the final analysis, it still boils down to whether you believe [the prosecutrix] or not." Five times in argument trial counsel made explicit references to the hearsay document as corroboration for the testimony of the prosecutrix. He forthrightly and inextricably linked the two.

Fourth, the quality of the objectionable evidence was such that there is no substitute for it in the record, so there can be no serious claim that the hearsay statement was cumulative of other evidence. The heart of the prosecution's case was the testimony of the prosecutrix; there was no physical evidence and virtually no corroborative evidence of any other sort. The erroneous admission of her mother's pretrial statement to agents of the Criminal Investigation Command as substantive evidence on the merits, however, added immeasurably to the odds that the members would believe the prosecutrix. That statement not only reflected the fact that the

prosecutrix had promptly and emotionally complained to her mother about appellant's acts; it also reflected the mother's belief of her daughter's complaint and her emotional anger and disgust aimed at appellant; and finally it contained damaging implied admissions purportedly made by appellant himself to his wife.

Even with this harmful statement admitted as substantive evidence, we note from the record that the members apparently did not have an easy time resolving the question of guilt. At one point, the members returned to the courtroom, and the president indicated that they had reached findings but that two of the five members had expressed a wish to reconsider the findings of Charge I—the alleged rape. Additionally, during the deliberations, the members returned to ask to hear from an additional witness—a person to whom the prosecutrix may have spoken about this incident (a request that the military judge summarily denied).

In a last-gasp effort to revive its harmless-error argument, the Government contends that, anyway, the pretrial statement would have been admissible to impeach the prosecutrix' mother once she took the stand. *See* Mil.R.Evid. 613, Manual for Courts–Martial, United States, 1984; *see generally United States v. LeMere*, 22 MJ 61 (CMA 1986). This suggestion ignores the fact that, well before the mother testified and pursuant to a government motion *in limine*, the military judge ruled that the mother's pretrial statement was admissible in the prosecution's case-in-chief. Thus, in addition to necessarily assuming, *arguendo*, that the mother would have testified in the absence of the judge's erroneous rul-

ing—a matter of pure speculation—this theory of no-prejudice ignores the very real difference in the use of impeachment and substantive evidence. That difference, as illustrated above, was vividly demonstrated in this case, where trial counsel used every opportunity to invoke this pretrial statement for its truth, not just as impeachment of the mother.

Accordingly, we now decide that, applying the *Weeks* test for prejudice from an evidentiary error, there is a fair risk that appellant was prejudiced by the improper admission of the hearsay evidence here.

### Decision

The decision of the United States Army Court of Military Review, which this Court set aside on original review, *see* 33 MJ at 336, is reinstated and reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge SULLIVAN and Judges COX and CRAWFORD concur.

GIERKE, Judge (concurring in part and in the result):

I agree completely with the majority's disposition of the hearsay issue, and I agree that appellant has not carried his burden justifying a new trial. I write separately to disassociate myself from the "legitimate dispute" language in the majority opinion, 38 MJ at 241, for the reasons set out in my separate opinion in *United States v. Van Tassel*, 38 MJ 91, 96 (CMA 1993).