**UNITED STATES, Appellee,**

v.

**Major Louis B. NILES, United States Army, Appellant.**

**ARMY 9200448.**

U.S. Army Court of Criminal Appeals.

14 Feb. 2000.

---

For Appellant: Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Holly S.G. Coffey, JA (on brief); Alison Ruttenberg, Esq.; Major Jonathan F. Potter, JA (on supplemental brief); Major Scott R. Morris, JA; Major Leslie A. Nepper.

For Appellee: Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Mary E. Braisted, JA; Captain Joseph A. Pixley, JA (on brief); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Joseph A. Pixley, JA (on supplemental brief).

Before TOOMEY, Senior Judge, TRANT, and CARTER, Appellate Military Judges.

OPINION OF THE COURT ON FUR-
THER REVIEW AND ACTION ON
PETITION FOR NEW TRIAL

CARTER, Judge:

This case comes to us from a sentence rehearing after a long and tortured history. The primary issue presented is whether a sentence rehearing on affirmed findings of guilty restarts the two-year period for filing a petition for a new trial under Article 73, Uniform Code of Military Justice, 10 U.S.C. § 873 [hereinafter UCMJ]. We hold that a sentence rehearing does not restart the two-year filing period for a new trial petition for affirmed findings of guilty.

**History of the Case**

Appellant was a member of the California National Guard on active duty in a federal status. In the Republic of Panama in February 1992, a general court-martial composed of officer members convicted appellant, contrary to his pleas, of making a false official statement, rape, conduct unbecoming an officer (three specifications), and indecent assault in violation of Articles 107, 120, 133, and 134, UCMJ, 10 U.S.C. §§ 907, 920, 933, and 934. On 19 May 1992, the convening authority approved the adjudged sentence to dismissal from the service, confinement for six years, and forfeiture of all pay and allowances.

During our first review of appellant's case under Article 66, UCMJ, 10 U.S.C.A. § 866, appellant filed a petition for a new trial on the rape charge, the rape allegedly having occurred in 1987. This petition was based upon a February 1993 affidavit by Lieutenant Colonel (LTC) Henderson, a potential witness who could not remember anything noteworthy at the time of the trial, but whose memory returned during the appeal. On 30 March 1994, this court, after hearing oral argument, affirmed the findings of guilty except for the rape. See *United States v. Niles*, 39 M.J. 878 (A.C.M.R.1994). We ordered an evidentiary hearing under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967), to clarify matters raised in LTC Henderson's affidavit. Pending completion of that hearing, we held in abeyance any decision on the approved findings of guilty of rape, the sentence, and the petition for new trial.

The *DuBay* hearing was conducted on 13 May 1994. Subsequently, we again heard oral argument on the case. On 13 March 1995, we affirmed the findings of guilty of rape and the sentence, and denied appellant's petition for a new trial.

On 17 December 1996, a divided U.S. Court of Appeals for the Armed Forces reversed our decision as to the rape conviction and the sentence, and authorized a new trial on the rape charge or a sentence rehearing on the remaining findings of guilty. See *United States v. Niles*, 45 M.J. 455 (1996). On 10 April 1997, our superior court returned appellant's case to The Judge Advocate General of the U.S. Army for compliance with its December 1996 decision.

The Judge Advocate General referred appellant's case to the commanding general, Fort Leavenworth, Kansas (a general court-martial convening authority), who, on 23 June 1997, dismissed the rape charge and its specification after determining that retrial of the ten-year-old allegation was impracticable, and ordered a sentence rehearing on the remaining findings of guilty.

During the sentence rehearing, appellant's civilian defense counsel raised five motions attacking the affirmed findings of guilty. One motion challenged the sufficiency of the evidence, and four motions requested dismissal or a new trial. One of these new trial petitions is the subject of appellant's first assignment of error on this appeal. The military judge ruled that, under the terms of the remand, he had no authority to relitigate these matters at the sentence rehearing. On 5 December 1997, a court composed of officer members sentenced appellant to confinement for one year and a reprimand. On 30 April 1998, the convening authority approved the sentence adjudged at the rehearing.

On 30 June 1998, this court received the record of trial in appellant's case for further review of the sentence pursuant to Article 66, UCMJ. On 14 July 1998, we issued an order providing appellate defense counsel the opportunity to review the record of the sentence rehearing and to file any additional

pleadings in accordance with the rules of this court.

On 18 December 1998, appellate defense counsel filed a brief identifying two assignments of error and numerous matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). Appellant's first assignment of error petitions for a new trial on all the affirmed findings of guilty based upon a 21 February 1997 "video sworn statement" taken by appellant's civilian defense counsel of one of the victims, wherein the victim recants, or cannot now recall, portions of her 1992 trial testimony.

### Petition for a New Trial

Article 73, UCMJ, contains the Congressional authorization for a petition for a new trial. This case hinges on the meaning of the first sentence thereof: "At any time **within two years after approval by the convening authority of a court-martial sentence,** the accused may petition ... for a new trial on the grounds of newly discovered evidence or fraud on the court" (emphasis added). *See also* Rule for Courts–Martial 1210 [hereinafter R.C.M.]. Appellant argues that the two-year clock for filing a new trial petition for all of the affirmed findings of guilty restarted on 30 April 1998 (the date the convening authority approved the rehearing sentence). We reject appellant's interpretation for a number of reasons.

First, the terms and conditions of appellant's remand from the U.S. Court of Appeals for the Armed Forces limit our subsequent authority in his case. After a remand, this court, the trial court, and the convening authority are " 'without power to modify, amend, alter, set aside, or in any manner disturb or depart from the judgment' " of our superior court. *United States v. Montesinos*, 28 M.J. 38, 43 (C.M.A.1989) (quoting *United States v. Stevens*, 10 U.S.C.M.A. 417, 418, 27 C.M.R. 491, 492, 1959 WL 3655 (1959)). As the U.S. Court of Appeals for the Armed Forces explained in *United States v. Ginn*, 47 M.J. 236, 238 n. 2 (1997) (emphasis added):

> When this Court sets aside the decision of a Court of Criminal Appeals and remands for further consideration, we do not question the correctness of all that was done in the earlier opinion announcing that decision. **All that is to be done on remand is for the court below to consider the matter which is the basis for the remand** and then to add whatever discussion is deemed appropriate to dispose of that matter in the original opinion. The original decretal paragraph of the [lower court's] opinion ... is not affected by the set-aside order unless resolution of the matter which is the subject of the remand dictates a different result. The amended opinion then becomes the decision which is subject to our review. **This procedure does not permit or require starting the review process anew or setting aside action favorable towards an accused on other grounds.**

Appellant requests that we order a new trial on all of the findings of guilty that the U.S. Court of Appeals for the Armed Forces affirmed on 17 December 1996. Simply put, under the remand rules discussed above, we have no authority to consider the merits of appellant's petition for a new trial. Had appellant been retried and convicted of the rape allegation, we could consider a petition for new trial filed within two years after the convening authority's approval of that finding and new sentence. That is not the case here. Appellant seeks to relitigate, under the guise of a petition for a new trial, findings of guilt that were affirmed by this court in 1995 and by our superior court in 1996. Our superior court's affirmed findings of guilty are "final and conclusive" and binding on this court, absent a *timely* petition for a new trial or specific authority to the contrary in the remand order. *See* UCMJ art. 76, 10 U.S.C. § 876.

Second, we have no jurisdiction to consider appellant's petition for a new trial because the two-year filing period has expired. "Congress intended that military practice with respect to petitions for new trial mirror practice in federal civilian courts." *United States v. Brooks*, 49 M.J. 64, 68 (1998); *see also United States v. Williams*, 37 M.J. 352, 356 n. 3 (C.M.A.1993); *United States v. Chadd*, 13 U.S.C.M.A. 438, 32 C.M.R. 438, 441–42, 1963 WL 4575 (1963). The time

period for filing a petition for a new trial in federal criminal practice under Federal Rule of Criminal Procedure 33 is jurisdictional, i.e., the court has no jurisdiction to consider an untimely petition for a new trial. *See* 3 Charles Alan Wright, *Federal Practice and Procedure: Criminal* 2d § 558 (2d ed.1982 & Supp.1997) (citing *United States v. Smith*, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947), and numerous federal courts of appeals cases). Consistent with the federal rule, our superior court has indicated, without specifically holding, that the two-year filing period under Article 73, UCMJ, is jurisdictional. *See United States v. Murphy*, 50 M.J. 4, 14–15 (1998); *United States v. Sanders*, 37 M.J. 116, 118–19 n. 5 (1993); *United States v. Odegard*, 25 M.J. 140, 142 (C.M.A. 1987).

▪ The burden of persuasion in a petition for a new trial is on the petitioner. *See United States v. Parker*, 36 M.J. 269, 271 (C.M.A.1993). Appellant cites no authority from any jurisdiction to support his argument that the sentence rehearing restarted the clock for filing a petition for a new trial for the previously affirmed findings of guilty for which the two-year filing period has already expired. Appellant's two-year period for filing a petition for a new trial expired on 18 May 1994, two years after the initial action in his case. Appellant did not file the current petition until 18 December 1998, over four years after the expiration of the original two-year filing period. His petition is too late.

Third, appellant's expansive interpretation of Article 73, UCMJ, is contrary to Congressional intent. The legislative history of Article 73, UCMJ, indicates that Congress intended that the procedures under the UCMJ for a petition for a new trial be more restrictive than those that previously existed under the Articles of War. *See Hearings Before a Subcomm. of the Comm. on Armed Services, United States Senate, on S. 857 and H.R. 4080*, 81st Cong., 1st Sess. 188 (1949), *reprinted in Index and Legislative History, Uniform Code of Military Justice* (1950). The legislative intent of the changes was "to obtain finality at some point." *Hearings Before a Subcomm. of the Comm. on Armed*

*Services, House of Representatives, on H.R. 2498*, 81st Cong., 1st Sess. 1210 (1949), *reprinted in Index and Legislative History, Uniform Code of Military Justice* (1950) [hereinafter *House Hearings*]. The ground for filing a petition for a new trial was changed from "upon good cause shown" under the Articles of War to either newly discovered evidence or fraud on the court under the UCMJ, because "upon good cause shown" was deemed too broad. *See House Hearings* at 1211. Congress provided a specific time limit for filing a new trial petition because "[y]ou cannot leave this thing open interminably in the future, because, the longer it is open, the more difficult it is to obtain evidence, witnesses, and what not, and it unduly weakens the prosecution." *House Hearings* at 1215.

▪ Fourth, petitions for new trials are "'generally disfavored.'" *See Brooks*, 49 M.J. at 68 (quoting *Williams*, 37 M.J. at 356). Petitions for new trials based upon a witness' recantation, as the appellant has submitted, are even more disfavored. *See United States v. Giambra*, 33 M.J. 331, 335 (C.M.A.1991), *rev'd on other grounds*, 38 M.J. 240 (1993); *see also United States v. Rios*, 48 M.J. 261, 268 (1998) (federal courts view recantations of trial testimony with "'extreme suspicion'" (citations omitted)). Appellant's new trial petition is inherently suspect because it is based entirely on one witness' recantation or current lack of memory concerning appellant's conduct in 1991 and the witness' testimony in 1992. "It is in the interest of justice that a decision on the propriety of a trial be reached as soon after it has ended as is possible, and that decision not be deferred until the trial's story has taken on the uncertainty and dimness of things long past." *Smith*, 331 U.S. at 476, 67 S.Ct. 1330.

Finally, we interpret statutes in a manner that leads to the orderly administration of justice. Appellant's interpretation of Article 73, UCMJ, would lead to piecemeal litigation and lack of finality, and is contrary to orderly appellate practice. "Society has a strong interest in preserving the finality of judgments and providing an end to appellant review." *Chapel v. United States*, 21 M.J. 687, 689 (A.C.M.R.1985). The right to peti-

tion for a new trial is neither never-ending nor absolute.[1] The crimes for which appellant remains convicted occurred nine years ago. Appellant was tried almost eight years ago. Two different appellate courts have reviewed and affirmed appellant's remaining findings of guilty. Appellant has had his day in trial and appellate court on his findings of guilty. He has no existing right to relitigate those findings in perpetuity, nor will we create such a right for him.

### Retired Pay Calculation

In his second assignment of error, appellant asks this court to rule that the application of 10 U.S.C. §§ 972 and 12740[2] to the calculation of retirement credit[3] for his time served in confinement violates the ex post facto clause of the U.S. Constitution. See U.S. Const. art. I, § 9, cl. 3. He specifically requests that this court "order that corrective action be taken to correctly calculate the correct number of years of service accrual toward retirement." Congress granted this court authority to "act only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c). The administrative calculation of creditable years for retirement is neither a "finding" nor a "sentence" and is thus beyond the "narrowly circumscribed" jurisdiction of this court. See Clinton v. Goldsmith, 526 U.S. 529, 119 S.Ct. 1538, 1542, 143 L.Ed.2d 720 (1999). Appellant may seek relief on this issue from the Army Board for Correction of Military Records under 10 U.S.C. § 1552, or from the Court of Federal Claims under the Tucker Act, 28 U.S.C. 1491. Id., 119 S.Ct. at 1544.

### Jurisdiction of Sentence Rehearing

On 4 October 1999, appellant filed a supplemental assignment of error asserting, for the first time, that the Army lacked personal jurisdiction over him at the sentence rehearing. We disagree.

Exercising our authority under Article 66(c), UCMJ, to "determine controverted questions of fact," we make the following findings of fact:

1. We find, and appellant concedes, that the Army had personal jurisdiction over him at the time of his court-martial in 1992. Once personal jurisdiction lawfully attached in appellant's case without a subsequent discharge terminating his military status, jurisdiction over appellant continues until the appellate process is complete. See United States v. Vanderbush, 47 M.J. 56, 59 (1997); United States v. Ernest, 32 M.J. 135, 138 (C.M.A.1991) (citing R.C.M. 202(c)(1) and Discussion thereto); UCMJ art. 3(d), 10 U.S.C. § 803; R.C.M. 204(d).

2. On 21 February 1992, after the completion of appellant's original trial, the Army National Guard Center, by order of the Secretary of the Army, directed appellant's permanent change of station and assignment to the United States Army [sic] Disciplinary Barracks, unit identification code number W21B1A [hereinafter Disciplinary Barracks].

3. By Order 134–01, dated 27 September 1994, the Commandant, Disciplinary Barracks [hereinafter the Commandant], released appellant from confinement and placed him on parole. The additional instructions to appellant's parole order read: "If upon the successful completion/termination of parole, the general court-martial case has not been finalized and the individual [sic] not been discharged from the service, the servicemember will be relieved from active duty and assigned to: USAR Control Group (STANDBY), RCPAC, 9700 Page Blvd, St. Louis, MO."

4. The Commandant's parole of appellant to his home of record in Saint Jo, Texas, did not reassign or attach him to another unit. The additional instructions in this parole order, upon which appellant relies, were not

---

1. For example, in addition to the time limits and grounds established by Congress, the President, consistent with federal case law, has further declared that newly discovered evidence is never a basis for a new trial when the accused has pled guilty. See R.C.M. 1210(a); Manual for Courts–Martial, United States (1998 ed.), app. 21, R.C.M. 1210(a) analysis, at A21–89.

2. 10 U.S.C. § 972 concerns the effect of lost time. 10 U.S.C. § 12740 concerns the eligibility of persons with punitive discharges or dismissals for retired pay.

3. In an affidavit filed with this court, appellant states that he was retired on 1 October 1998.

self-executing. Self-executing orders "by their own terms automatically become effective on the specified effective date without any further action being taken." *United States v. Smith,* 4 M.J. 265, 266 n. 3 (C.M.A. 1978). The additional instructions in appellant's parole order required further action by a competent authority to implement. The record contains no subsequently issued order, by any competent authority, reassigning appellant to the USAR Control Group in St. Louis, Missouri, or otherwise modifying the Secretary of the Army's assignment of appellant to the Disciplinary Barracks in February 1992.

5. The 10 April 1997 mandate [4] from the U.S. Court of Appeals for the Armed Forces did not specifically address appellant's parole order or otherwise purport to reassign appellant or change his military status. We also find that the terms of the mandate did not constitute a "successful completion/termination of parole" as envisioned by the additional instruction language in appellant's parole order.

6. On 23 June 1997, the commanding general, Fort Leavenworth, Kansas (the designated general court-martial convening authority on remand), pursuant to the authority granted in the 10 April 1997 mandate from the U.S. Court of Appeals for the Armed Forces, personally dismissed the rape charge and specification against appellant and ordered a sentence rehearing on the remaining findings of guilty.

7. Sometime between 23 June and 3 November 1997, a civilian clerk at the Disciplinary Barracks advised appellant of the convening authority's decision on the rape charge and the sentence rehearing and directed appellant to report to the Disciplinary

Barracks at Fort Leavenworth, Kansas. Appellant willingly and voluntarily complied with this oral request to return to Fort Leavenworth for his sentence rehearing.

8. Appellant returned to Fort Leavenworth on or about 3 November 1997. By Order 086–02, dated 4 November 1997, the Commandant directed appellant's attachment from the Disciplinary Barracks (unit identification code W21B1A) to Headquarters, Combined Arms Center (unit identification code WOVPAA), effective 3 November 1997. The order also changed appellant's status from parole to "present for duty pending sentence rehearing." The Commandant's 4 November 1997 order implemented the general court-martial convening authority's 23 June 1997 decision to recall the appellant from parole in order to conduct a sentence rehearing in appellant's case.

Appellant's convoluted jurisdiction argument is based upon a combination of four assertions. First, he asserts that the 1997 mandate released him, by operation of law, from his parole because he no longer had any sentence from which to be paroled. Thereafter, he argues that the additional instructions provision of his parole order automatically relieved him from active duty. He further argues that the Commandant's 4 November 1997 order was without legal effect because under Article 2(d)(4), UCMJ, 10 U.S.C. § 802(d)(4), only a general court-martial convening authority may order a member of a reserve component to active duty for a court-martial.[5] Finally, he asserts that under Article 2(d)(5)(A), UCMJ, the rehearing proceeding had no authority to sentence him to confinement because the Secretary of the

---

4. The mandate ordered:
   That the decision of the United States Army Court of Criminal Appeals is reversed as to the Additional Charge and its specification and as to the sentence. The findings of guilty to the Additional Charge and its specification are set aside, as is the sentence. The record of trial is returned to the Judge Advocate General of the Army for remand to the convening authority. The convening authority may order a new trial on the Additional Charge and its specification or may dismiss them and order a sentence rehearing on the remaining findings of guilty.

5. General Orders No. 3, Headquarters, Department of the Army, 19 January 1981, grants "general courts-martial jurisdiction" to the Commandant, U.S. Disciplinary Barracks, Fort Leavenworth, Kansas. However, the Commander, U.S. Army Combined Arms Command and Fort Leavenworth has withheld the authority of the Commandant to convene general courts-martial. *See* Combined Arms Command and Fort Leavenworth Reg. 27–1, Legal Services [:] MILITARY JUSTICE, para. 3a(2)(A) (17 Apr. 1991).

Army did not approve appellant's recall to active duty.

As outlined in our findings of fact, we find no factual support for appellant's argument and reject his belated attack on the jurisdiction of the Army over him at his sentence rehearing. Article 2(d), UCMJ, is not applicable to appellant's case because it applies only to "involuntary" orders to active duty. We find no legal authority, nor does appellant cite any, to support his assertion that the 10 April 1997 mandate constituted a "successful completion/termination of parole" as envisioned by the additional instructions of appellant's 27 September 1994 parole order.

If any procedural irregularities did occur in the processing of appellant's voluntary return to Fort Leavenworth for his sentence rehearing, such irregularities were administrative rather than jurisdictional error. *See, e.g., United States v. Gebhart*, 34 M.J. 189 (C.M.A.1992) (held it was administrative rather than jurisdictional error when member relieved by convening authority sat on court-martial without objection by parties).

Appellant waived any such administrative errors by voluntarily returning to Fort Leavenworth upon the oral request of a civilian clerk and by failing to object to the manner of his recall at his sentence rehearing. *Cf.* R.C.M. 907(b)(1)(A) (jurisdictional errors not waivable). In our judgment, appellant's jurisdiction argument is utterly without merit.

### Decision

We have considered the matters asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit. Appellant's petition for a new trial is denied. The sentence is affirmed.

Senior Judge TOOMEY and Judge TRANT concur.