**UNITED STATES, Appellee,**

v.

**Lieutenant Colonel Richard C. WEBB, United States Army, Appellant.**

**ARMY 9800853.**

U.S. Army Court of Criminal Appeals.

20 June 2000.

For Appellant: Colonel Adele H. Odegard, JA (argued); Colonel John T. Phelps II, JA (on brief); Major Jonathan F. Potter, JA.

For Appellee: Captain William J. Nelson, JA (argued); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Mary E. Braisted, JA (on brief).

Before TOOMEY, Senior Judge, CARTER, and NOVAK, Appellate Military Judges.

### OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of larceny (seven specifications) and conduct unbecoming an officer (three specifications) in violation of Articles 121 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 933 [hereinafter UCMJ]. The convening authority approved the adjudged

sentence to a dismissal and a reprimand. This case is before the court for automatic review under Article 66, UCMJ, 10 U.S.C. § 866.

In a case of first impression, appellant asks this court to decree that 10 U.S.C. § 12740 (1996) does not apply to appellant because of the Constitutional prohibition against ex post facto laws and to direct that appellant's eligibility to receive retired pay is not affected by his dismissal. We hold that the application of 10 U.S.C. § 12740 to appellant's entitlement to retired pay is a matter beyond the jurisdiction of this court and, in any event, is not ripe for judicial review.

### Facts

Appellant's offenses occurred between January 1993 and April 1997 while serving in an Active Guard Reserve status as the Professor of Military Science of the Reserve Officer's Training Corps program at Wofford College, Spartanburg, South Carolina.

By letter dated 3 February 1995, the U.S. Army Reserve Personnel Center sent appellant a "Notification of Eligibility for Retired Pay at Age 60 (Twenty Year Letter)" as required by 10 U.S.C. § 12731(d) (1994). This notification states in part: "This is to notify you that, having completed the required years of service, you will be eligible for retired pay on application at age 60 in accordance with the provision[s] of Title 10, U.S. Code."

In 1996, Congress amended eligibility for retired pay for Reserve Component members with punitive discharges by enacting 10 U.S.C. § 12740.

§ 12740. **Eligibility: denial upon certain punitive discharges or dismissals**

A person who—

(1) is convicted of an offense under the Uniform Code of Military Justice (chapter 47 of this title) and whose sentence includes death; or

(2) is separated pursuant to sentence of a court-martial with a dishonorable discharge, a bad conduct discharge, or (in the case of an officer) a dismissal,

is not eligible for retired pay under this chapter.

This statute is applicable to all court-martial sentences adjudged after 10 February 1996. Pub.L. 104–106, Sec. 632(b) (1996). Appellant was tried and sentenced on 4 June 1998.* During the sentencing phase of his trial, appellant presented evidence of his eligibility for retired pay and argued that a sentence of dismissal would forfeit that eligibility, citing 10 U.S.C. § 12740.

### Retired Pay Determination

Appellant asks this court to rule that the application of 10 U.S.C. § 12740 to his eligibility for retired pay violates the ex post facto clause of the U.S. Constitution. U.S. Const., art. I, § 9, cl. 3. We decline to address this question for two reasons.

■ First, appellant's assertion is not yet ripe for judicial review. Appellant has not applied for retired pay and may not do so until he is sixty years of age (he is currently forty-nine years old). *See* 10 U.S.C. § 12731(a)(1). Additionally, 10 U.S.C. § 12740 is inapplicable to appellant unless he is actually separated with a dismissal. No affirmed sentence of dismissal may be executed in this case until the Secretary of the Army, or his designee, approves it. The Secretary may commute, remit, or suspend appellant's dismissal as the Secretary sees fit. *See* UCMJ art. 71(b) and 74, 10 U.S.C. §§ 871(b) and 874.

■ More importantly, this court has no jurisdiction to adjudicate appellant's claim for retired pay. Congress granted this court authority to "act only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c), 10 U.S.C. § 866(c). We recognize that an executed sentence of dismissal extinguishes a retired servicemember's entitlement to retired pay. *See Hooper v. United States*, 164 Ct.Cl. 151, 326 F.2d 982, 988 (1964). Nevertheless, appellant's potential loss of retired pay was not a component of the adjudged or approved sentence, nor could it be under the UCMJ or the current Manual for Courts–Martial. *See* Rule for Courts–Martial 1003

---

* Four of the ten specifications included misconduct that occurred after 10 February 1996.

[hereinafter R.C.M.]. Loss of retired pay "is a *consequence* of the sentence and forms no part of the sentence itself." *United States v. Lee,* 43 M.J. 518, 520 (A.F.Ct.Crim.App.1995) (emphasis in original), *aff'd,* 46 M.J. 123 (1996) (summary disposition). Any consequence that appellant suffers after execution of a sentence of dismissal under the UCMJ is neither a "finding" nor a "sentence" and is thus a matter beyond the "narrowly circumscribed" jurisdiction of this court under Article 66, UCMJ. *See Clinton v. Goldsmith,* 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999); *United States v. Sumrall,* 45 M.J. 207, 210 (1996); *United States v. Niles,* 52 M.J. 716, 721 (Army Ct.Crim.App. 2000).

If appellant ultimately applies for and is denied retired pay, he may seek judicial relief on this issue from the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491 (1988), or a United States District Court under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1988), as appropriate.

### Decision

· Appellant also asserts that his pleas to the larceny specifications were improvident because the military judge conducted an inadequate inquiry under *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969), and its progeny. Considering the record as a whole, including appellant's more than twenty years of service as an officer, his experienced civilian defense counsel, and the detailed eleven-page stipulation of fact, we find that the record provides a sufficient factual basis to satisfy the requirements of *Care* and R.C.M. 910, and that no substantial basis exists in law or fact to disturb this guilty plea. *See United States v. Sweet,* 42 M.J. 183, 185–86 (1995); *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991).

We have considered the matters asserted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and his remaining assignments of error, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge TOOMEY and Judge NOVAK concur.