DECISION
PER CURIAM.
Robert L. Loeh appeals the decision of the United States Court of Federal Claims that dismissed his complaint for lack of jurisdiction. Loeh v. United States, 57 Fed. Cl. 743 (2003). Because the court properly denied Mr. Loeh’s promotion claim on the merits, we affirm.
DISCUSSION
I.
Mr. Loeh filed suit in the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). At the time suit was filed and at the time of the Court *903 of Federal Claims’ decision in the case, Mr. Loeh was a naval officer incarcerated at the U.S. Disciplinary Barracks at Fort Leavenworth, Kansas, after having been found guilty of various offenses in a general court-martial.[1] In his suit, he sought a change in his service records to show that by March 24, 1998, he had twice failed to be promoted to the rank of commander and therefore qualified for payment of separation pay in accordance with 10 U.S.C. § 682(a)(1). Alternatively, he asked the court to promote him to the rank of commander as of June 1,1997, and award back pay from that date until February 7, 2001. Loeh, 57 Fed.Cl. at 744-45.
On September 16, 2003, the Court of Federal Claims dismissed Mr. Loeh’s complaint for lack of jurisdiction. Id. at 745-47. The court held that because Mr. Loeh was serving a court-martial sentence and therefore had not been separated from the service, he was not entitled to separation pay. He thus failed to meet the Tucker Act jurisdictional requirement of asserting a claim under a “money mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.” James v. Caldera, 159 F.3d 573, 580 (Fed. Cir.1998). As far as Mr. Loeh’s alternative argument for promotion and back pay was concerned, the Court of Federal Claims ruled that it could not order promotion. The court stated, “A decision to promote an officer lies outside of the institutional competence of courts, and for that reason ‘courts will refuse on jurisprudential grounds to review such decisions, even if the court has jurisdiction to do so.’ ” Loeh, 57 Fed.Cl. at 746 (quoting Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir.2002)). The court also addressed the merits of Mr. Loeh’s promotion claim. See id. at 747-50.
On November 6, 2003, the Court of Federal Claims denied Mr. Loeh’s motion for reconsideration. Loeh v. United States, No. 02-895C (Fed.Cl. Nov. 6, 2003). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).
II.
On appeal, Mr. Loeh does not challenge the decision of the Court of Federal Claims with respect to his claim for separation pay. Rather, relying on Barnes v. United States, 57 Fed.Cl. 204 (2003), he argues that the court erred in rejecting his claim for promotion and back pay, and he asks for a remand for further proceedings. He states, “The Appellant only desires to have the Administrative Record reviewed to determine if the decision rendered in Barnes supports his request for alternative relief, which was promotion and military back pay for the period 1 June 1997 through 7 February 2001.”
Having reviewed the decision of the Court of Federal Claims, we see no error in its ruling regarding Mr. Loeh’s claim for promotion and back pay. Barnes is a decision of the Court of Federal Claims that is not binding precedent for us. In any event, it does not support Mr. Loeh’s claim. In Barnes, the Court of Federal Claims determined that none of the five conditions for promotion delay in 10 U.S.C. § 624(d) existed.[2] 57 Fed.Cl. at 213. Pursuant to 10 U.S.C. § 624(d)(2), there was *904 no finding of “cause to believe that [Lt. Barnes was] mentally, physically, morally, or professionally unqualified to perform the duties” of the higher rank that would have justified the delay in his promotion in the first instance. Id. Alternatively, the court found that were no ongoing related administrative or disciplinary proceedings for which Lt. Barnes’ promotion could have been delayed. Id. Thus, the court found that Lt. Barnes had been promoted by operation of law pursuant to subsection 624(a)(2).[3] Id.
In Mr. Loeh’s case, by contrast, the Court of Federal Claims determined that the Navy had demonstrated cause to delay his promotion pursuant to subsection 624(d)(2): Mr. Loeh both failed a physical readiness test and admitted to falsifying test results. Loeh, 57 Fed.Cl. at 747. According to the court, this constituted “cause to believe that the officer is mentally, physically, morally, or professionally unqualified....” Id. (citing 10 U.S.C. § 624(d)(2)). Barnes is therefore not applicable to Mr. Loeh’s situation. Accordingly, for the foregoing reasons, the decision of the Court of Federal Claims is affirmed.
Each party shall bear its own costs.
^ ^ ^ ^ ^ $

. Mr. Loeh was scheduled to be released from confinement in April of 2004.

. The court explained that subsection 624(d) sets forth five grounds upon which an officer’s promotion could be delayed: (d) (1) Under regulations prescribed by the Secretary concerned, the appointment of an officer under this section may be delayed if—
(A) sworn charges against the officer have been received by an officer exercising general court-martial jurisdiction *904 over the officer and such charges have not been disposed of;
(B) an investigation is being conducted to determine whether disciplinary action of any kind should be brought against the officer;
(C) a board of officers has been convened under chapter 60 of this title to review the record of the officer; or
(D) a criminal proceeding in a Federal or State court is pending against the officer.
(2) Under regulations prescribed by the Secretary concerned, the appointment of an officer under this section may also be delayed in any case in which there is cause to believe that the officer is mentally, physically, morally, or professionally unqualified to perform the duties of the grade for which he was selected for promotion.

. 10 U.S.C. § 624(a)(2) reads in part, "Except as provided in subsection (d), officers on a promotion list shall be promoted to the next higher grade when additional officers in that grade and competitive category are needed.” (emphasis added).