Robert L. LOEH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–1208C.

United States Court of Federal Claims.

Sept. 15, 2006.

Robert L. Loeh, Royalton, IL, for pro se plaintiff.

Douglas K. Mickle, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant. LT Marc Rosen, Department of the Navy, of counsel.

## ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS

FIRESTONE, Judge.

Pending before the court is the motion to dismiss filed by the United States ("government"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The government contends that the claim of the pro se plaintiff, Robert L. Loeh ("plaintiff" or "Loeh"), for military retirement pay following his court-martial conviction and punitive discharge from the United States Navy ("Navy")[1] fails for lack of subject matter jurisdiction or, in the alternative, fails to state a claim upon which relief can be granted. The government further contends that Mr. Loeh's claim that the government has "taken" his retirement in contravention of the Fifth Amendment to the U.S. Constitu-

---

1. On January 23, 2001, Mr. Loeh was convicted by general court-martial for violating Uniform Code of Military Justice ("UCMJ") Articles 81 (Conspiracy to Distribute Narcotics), 86 (Unauthorized Absence), 92 (Failure to Obey an Order or Regulation), and 112 a (Possession and Use of Narcotics). Mr. Loeh was sentenced to confinement for 10 years, forfeiture of all pay and allowances, and a dismissal from the Navy. The convening authority suspended all confinement in excess of 5 years, but otherwise approved Mr. Loeh's sentence. Mr. Loeh's punitive dismissal from the Navy was to be executed only if and when all his appeals had been exhausted without success. See Rule for Court–Martial ("RCM") 1206.

On August 30, 2005, the United States Court of Appeals for the Armed Forces denied Mr. Loeh's petition for review, rendering his case final under Article 71(c) of the UCMJ. Thereafter, Mr. Loeh was dismissed from the Navy pursuant to the sentence adjudged at his court-martial on January 23, 2001. Having been dismissed pursuant to a sentence of a properly convened court-martial, Mr. Loeh is no longer on any of the Navy personnel rolls.

tion must also be dismissed for lack of jurisdiction or for failure to state a claim.[2] This case represents Mr. Loeh's fourth attempt to obtain retirement or separation pay following his court-martial conviction in January 2001.[3] For the reasons that follow, the court agrees with the government that Mr. Loeh is not eligible for a military retirement and therefore both his claim for retirement pay and his claim for a "taking" of his retirement pay must be dismissed.[4]

## FACTUAL BACKGROUND

Mr. Loeh enlisted in the Navy on July 16, 1980, to attend Officer Candidate School ("OCS"). On February 3, 1981, after completing OCS, Mr. Loeh was appointed as a commissioned officer in the United States Navy Reserve. Mr. Loeh was promoted to the rank of Lieutenant Commander on September 1, 1991. It is not disputed that by 1999, Mr. Loeh had twice failed to be selected for promotion to Commander. A lieutenant who twice fails to be selected for promotion is involuntarily separated from the Navy unless the officer is within two years of retirement. 10 U.S.C. § 632(a) (2000). In such cases, the officer is eligible to remain in the service so that he may qualify for retirement. *Id.*

Prior to qualifying for retirement, however, Mr. Loeh was convicted by a general court-martial for various narcotic offenses. Despite his court-martial conviction and punitive discharge from the Navy, Mr. Loeh claims that he is entitled to retirement pay by operation of law and that the Navy's failure to provide retirement pay amounts to a "taking" of his retirement pay.

## DISCUSSION

### A. Mr. Loeh's Dismissal By Court–Martial Terminated His Eligibility for Retirement Pay.

■ At the heart of Mr. Loeh's complaint is his mistaken belief that, by having "remained" in the Navy pending the outcome of his court-martial appeals, he has satisfied the criteria for a retirement based on 20 years of military service under 10 U.S.C. §§ 632 and 6323 (2000).[5] For the reasons that follow,

2. The government also moved, in the alternative, for judgment upon the administrative record. The government contends that the United States acted in accordance with the law when it denied Mr. Loeh's request for retirement pay after his dismissal from the Navy. Because the court concludes that Mr. Loeh has failed to state any claim for retirement pay or for a "taking" of his retirement pay, the court does not reach the government's alternative motion for judgment on the administrative record.

3. In *Loeh v. United States*, 53 Fed.Cl. 2 (2002), *aff'd*, 55 Fed.Appx. 937 (Fed.Cir.2003), Mr. Loeh sought retirement pay under 10 U.S.C. § 6323 while he was still in confinement for his conviction. The court held that Mr. Loeh was not entitled to retirement pay because he was not yet entitled to a retirement.

In *Loeh v. United States*, 57 Fed.Cl. 743 (2003), *aff'd*, 99 Fed.Appx. 902 (Fed.Cir.2004), made a claim for separation pay under 10 U.S.C. § 1174, which was also rejected.

In *Loeh v. United States*, Case No. 04–1143C, Mr. Loeh sought retirement pay following his release from confinement, at which time he was placed on unpaid leave status. The case was dismissed for lack of subject matter jurisdiction on the grounds that Mr. Loeh's ultimate right to retirement pay could not be acted upon pending the outcome of Mr. Loeh's criminal appeals.

Mr. Loeh filed the present case after the United States Court of Appeals for the Armed Forces had rejected his petition for grant of review and his case was thus final.

4. The court has determined that oral argument is not necessary in this case. Although the court had agreed to hold an oral argument in this case, it is clear from reviewing all of the briefing that an oral argument is not needed to aid the court in its understanding of the issues.

5. 10 U.S.C. § 632 (Effect of failure of selection for promotion: captains and majors of the Army, Air Force, Marine Corps and lieutenants and lieutenant commanders of the Navy), provides in pertinent part as follows:

(a) [E]ach officer of the Navy on the active-duty list who holds the grade of lieutenant or lieutenant commander, who has failed of selection for promotion to the next higher grade for the second time and whose name is not on a list of officers recommended for promotion to the next higher grade shall—
(1) except as provided in paragraph (3) . . . be discharged . . .
* * *
(3) if on the date on which he is to be discharged under paragraph (1) he is within two years of qualifying for retirement under section 3911, 6323, or 8911 of this title, be retained on active duty until he is qualified for retirement and then retired under that section, unless he is sooner retired or discharged under another provision of law.

the court agrees with the government that because Mr. Loeh was punitively discharged from the Navy he is not eligible for a military retirement and therefore his contention that he is entitled to a military retirement, as a matter of law, must be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.[6]

Although the statutes and rules governing military retirements are not the models of clarity, a careful review of the applicable statutes reveals that a military officer punitively discharged from the Navy loses his eligibility for retirement. Thus, despite the fact that Mr. Loeh may have accrued sufficient time in service after his court-martial conviction and before he was officially discharged to reach 20 years in the Navy, he lost his eligibility for a military retirement once he was "punitively" discharged from the Navy.

In order to obtain a retirement after 20 years of service, a Navy officer has to be "retired" under 10 U.S.C. § 6323. Here, Mr. Loeh was not "retired." Rather, he was punitively discharged. Thus, Mr. Loeh's reliance on 10 U.S.C. § 632 to suggest he is entitled to a 20–year retirement is misplaced. It is true that when a lieutenant commander is not selected for promotion after two occasions the officer must leave the service. 10 U.S.C. § 632(a). It is also true, as Mr. Loeh argues, that under Section 632(a)(3) if an officer who is not selected for promotion is, "within two years of qualifying for retirement under 6323 [i.e., after 20 years] [the officer will] be retained on active duty until he is qualified for retirement and then retired under [Section 6323], *unless he is sooner retired or discharged under another provision of law*." (emphasis added).

Thus, under Section 632, lieutenant commanders who fail to be selected for promotion within two years of being eligible for retirement are given the opportunity to stay in the military so that they may qualify for a 20–year retirement under Section 6323. The opportunity provided for under Section 632 to stay in the service is not however a *guarantee* that the officer will receive a retirement. Section 632(a)(3) expressly recognizes that the opportunity for a retirement under Section 6323 will be lost if the officer is "sooner retired" or "discharged under another provision of law." In other words, retirement pay under Section 6323 is guaranteed only after the officer is "retired" under Section 6323. If the officer is "discharged under another provision of law," he loses his eligibility for a Section 6323 retirement.

Here, it is not disputed that Mr. Loeh was sentenced to a punitive discharge as part of his court-martial conviction before he had completed 20 years of service. Mr. Loeh's court-martial conviction was ultimately affirmed by the United States Court of Appeals for the Armed Forces. A collateral consequence of Mr. Loeh's discharge was that Mr. Loeh was dismissed from the Navy

10 U.S.C. § 6323 (Voluntary Retirement of Officers: 20 years), provides in pertinent part as follows:

(a)(1) An officer of the Navy or the Marine Corps who applies for retirement after completing more than 20 years of active service, of which at least 10 years was service as a commissioned officer, may, in the discretion of the President, be retired on the first day of any month designated by the President.

6. This court must determine at the outset whether it has jurisdiction over the plaintiff's specific claims. If the court concludes that the plaintiff has *not pleaded a money-mandating claim*, the case will be dismissed for lack of jurisdiction under RCFC 12(b)(1). *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005).

Where the court concludes that the plaintiff has identified a money-mandating claim but cannot establish the facts necessary to obtain relief, the matter will then be dismissed under RCFC 12(b)(6), which provides for dismissal of a complaint if it fails to state a claim upon which relief can be granted. This court will dismiss a compliant for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Here, the plaintiff makes claims under the various military retirement pay statutes and the takings clause of Fifth Amendment. The Fifth Amendment and the subject statutes are money mandating. Therefore, this court has jurisdiction over the plaintiff's claims. However, for the reasons discussed below, because the plaintiff was punitively discharged from the Navy, he is not eligible for a retirement. It is for this reason that the plaintiff cannot state a claim upon which relief can be granted under the subject statutes or the takings clause.

**330**

and removed from any of the Navy's personnel rolls. Thus, when Mr. Loeh was punitively discharged he lost his eligibility to a Section 6323 retirement as provided for under Section 632(a)(3). Mr. Loeh's punitive discharge was an intervening event which qualifies as a "discharge under another provision of law" and resulted in his loss of retirement eligibility.

The loss of retirement benefits is among the most important collateral consequences of a punitive discharge from the military. *Hooper v. United States*, 164 Ct.Cl. 151, 326 F.2d 982, 988 (1964). *See also United States v. Reed*, 54 M.J. 37 (2000); *United States v. Sumrall*, 45 M.J. 207 (1996); *Seaver v. Commandant, U.S. Disciplinary Barracks*, 998 F.Supp. 1215, 1218 (D.Kan.1998). Indeed, the *Military Judges' Benchbook* states, "punitive discharge terminates the accused's [military] status and the benefits that flow from that status, including the possibility of becoming a military retiree and receiving pay and benefits." Department of the Army Pamphlet 27–9, ¶ 2–5–22, p. 66.1 (Sept. 15, 2002). The consequence of a punitive discharge is further described by Jeff Walker in *The Practical Consequences of a Court–Martial Conviction* as follows: "[E]nlisted soldiers separated by a punitive discharge are ineligible for retirement. Other than requesting clemency, soldiers have no venue to appeal the loss of retirement benefits that result from the court-martial's sentence of a punitive discharge or dismissal." Army Law. 1 at * 12 (Dec.2001).

In view of the foregoing, when Mr. Loeh was punitively discharged and removed from the Navy's rolls, his eligibility for a retirement under Section 6323 was terminated. As such, Mr. Loeh has failed to state a statutory claim for retirement benefits.

**B. The Government Has Not "Taken" Mr. Loeh's Military Retirement.**

▮ Because Mr. Loeh lost his eligibility for retirement pay when he was punitively

discharged from the Navy, Mr. Loeh cannot establish a property interest in a military retirement. In order to establish a taking, the plaintiff must first demonstrate that he has a protected property interest. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Members of Peanut Quota Holders Ass'n v. United States*, 421 F.3d 1323, 1330 (Fed.Cir.2005).

Here, Mr. Loeh cannot establish a protected property interest in a military retirement. To the contrary, it is well-settled that "there is no vested right to Federal employment or to the privileges of retirement thereby." *Norman v. United States*, 183 Ct.Cl. 41, 392 F.2d 255, 259 (1968). In *Norman*, the Court of Claims rejected a claim by retired Air Force officers who argued that they were deprived of their statutorily prescribed 30–year retirements when the Air Force forced them to retire earlier. *Id.* Indeed, it is for this reason that this court has rejected similar constitutional challenges to the loss of retirement benefits by other former service members who were dropped from the military's rolls following a punitive discharge. *See Kinney v. United States*, 51 Fed.Cl. 126, 132–133 (2001).[7] In short, because Mr. Loeh does not have a property interest in a military retirement, he has failed to state a "takings" claim.

### CONCLUSION

For the above-stated reasons, Mr. Loeh's complaint must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim. The government's motion to dismiss is therefore **GRANTED**. Each party is to bear its own costs.

**IT IS SO ORDERED.**

---

7. Mr. Loeh's reliance on 21 U.S.C. § 862 (2000) to suggest that loss of retirement benefits was not required as part of his sentence is misplaced. Section 862 allows courts to withhold certain federal benefits from persons convicted of drug offenses. It does not apply to the loss of a military retirement following a punitive discharge. As discussed above, Mr. Loeh lost his eligibility to retirement pay as a consequence of his dismissal. Loss of his military retirement was not part of his sentence. *See United States v. Webb*, 53 M.J. 702, 704 (2000).